## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONA OCKLEY | : | |
| | : | CIVIL ACTON |
| Plaintiff, | : | |
| vs. | : | No. 2:24-cv-04070 |
| | : | |
| TOWNSHIP OF RADNOR, JENNIFER | : | |
| COCCO, JOSEPH PINTO, BRADY MCHALE, | : | |
| BRIAN BROWN, JEFFREY BRYDZINSKI, | : | |
| TYLER PRETE and ROCKWELL-GLYNN, LP | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, RADNOR TOWNSHIP, JENNIFER COCCO, JOE PINTO, BRADY MCHALE AND BRIAN BROWN TO PLAINTIFF'S COMPLAINT

1.      Denied.  This paragraph contains Plaintiff's summary of the case and is denied.

### I.      JURISDICTION AND VENUE

2 - 4.  Denied as conclusions of law.

### II.      JURY DEMAND

5.  Denied as conclusions of law.

### III.      PARTIES

6.  Admitted in part, denied in part.  It is admitted that upon information and belief, Plaintiff is a citizen of the United States.  The remaining allegations are denied.

7 – 9.  Admitted.

10.     Admitted in part, denied in part.  It is admitted that Defendant, Brian Brown, is a United States citizen and at all times relevant to the allegations in the Complaint, served as a police officer with the Radnor Township Police Department.  The remaining allegations are denied.

11-13.  Denied.   The allegations contained in these paragraphs refer to Defendants other than Answering Defendants to which no response is required.

14.     Admitted in part, denied in part.  It is admitted that Radnor Township is a governmental entity with offices located at 301 Iven Avenue, Wayne, PA 19087.  The remaining allegations are denied as conclusions of law.

## IV.    FACTS

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.     Admitted in part, denied in part.  It is admitted that a lawsuit was filed in the Court of Common Pleas of Delaware County.   The lawsuit is in writing, speaks for itself, and any characterization of same is expressly denied.  The remaining allegations are denied.

20.     Denied.

21.     Denied.  By way of further response, to the extent that paragraph 21 refers to an Order from the Honorable John J. Whelan, said Order is in writing, speaks for itself, and any characterization of same is expressly denied.

22.     Denied.

23.     Admitted in part, denied in part.  It is admitted that Radnor Township condemned the subject property and posted signs at the property.  The remaining allegations are denied.

24.     Admitted in part, denied in part.   It is admitted that the dockets for Delaware County Court of Common Pleas reflect that plaintiff filed an Emergency Motion for Reconsideration on August 9, 2022.   To the extent paragraph 24 refers to Plaintiff's Petition, said Petition is in writing, speaks for itself, and any characterization of same is expressly denied.

25. Admitted in part, denied in part.  It is admitted that the dockets in the Delaware County Court of Common Pleas reflect that Judge Dozer entered an Order on August 9, 2022.   The Order is in writing, speaks for itself, and any characterization of same is expressly denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted in part, denied in part.   It is admitted that on August 12, 2022, Defendant Brydzinski advised Radnor Township Police personnel that Plaintiff was occupying the subject property since August 10, 2022, despite the fact that Plaintiff settled on the sale of the property on

July 21, 2022, and that Plaintiff was observed breaking locks on the garage door and back kitchen doors as well as disrupting construction work and other work attempting to be performed on the property. The remaining allegations are denied.

30. Denied. The allegations contained in paragraph 30 refer to a defendant other than Answering Defendants to which no response is required.

31-32. Denied. The allegations contained in paragraphs 31-32 refer to a defendant other Answering Defendants to which which no response is required. By way of further response, denied.

33. Admitted in part, denied in part. It is admitted that Radnor Township Officer Cocco, Lieutenant Pinto and Officer McHale responded to the subject premises. The remaining allegations are denied.

34. Denied. To the extent paragraph 34 contains conclusions of law, same are denied.

35. Admitted in part, denied in part. It is admitted that the Defendant Police Officers entered the subject premises. The remaining allegations are denied. To the extent paragraph 35 contains conclusions of law, same are denied.

36. Denied.

37. Admitted in part, denied in part. It is admitted that Plaintiff stated that she had a Court Order to stay inside the house. The remaining allegations are denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted in part, denied in part.   It is admitted that members of the Delaware County Mobile Crisis Team responded to the scene.   The remaining allegations are denied.

42. Admitted in part, denied in part.   It is admitted that the Mobile Crisis Staff signed 302 paperwork to have Plaintiff involuntarily evaluated for examination and treatment pursuant to the Pennsylvania Mental Health Procedures Act.  The remaining allegations are denied.

43. Denied.

44. Admitted in part, denied in part.  It is admitted that Plaintiff was transported to Crozer Chester Hospital by Radnor Fire Company Ambulance.  The remaining allegations are denied.

45. Denied.

46. Admitted in part, denied in part.  It is admitted that members of the Delaware County Mobile Crisis Team signed 302 paperwork, said paperwork is in writing, speaks for itself, and and characterization of same is expressly denied.  The remaining allegations are denied.

47. Denied.

48. Admitted in part, denied in part.   It is admitted that Plaintiff resisted efforts to leave the residence, and that she was taken to an awaiting stretcher for transportation by ambulance to Crozer Chester Hospital.  The remaining allegations are denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted in part, denied in part. It is admitted that Plaintiff returned to the premises on August 13, 2022. The remaining allegations are denied.

53. Admitted in part, denied in part. It is admitted that the premises was condemned, and posted with "no trespassing" and "condemned" signs. It is further admitted that the residence was locked and that plywood was attached to openings of the house. The remaining allegations are denied. To the extent paragraph 53 contains conclusions of law, same are denied.

54. Denied.

55. Admitted in part, denied in part. It is admitted that Radnor Township Police were dispatched to the subject premises. The remaining allegations are denied.

56. Admitted in part, denied in part. It is admitted that Defendant Cocco responded to the premises and observed the Plaintiff at the premises. It is further admitted that Plaintiff was arrested. The remaining allegations are denied. To the extent paragraph 56 contains conclusions of law, same are denied.

57. Admitted in part, denied in part. It is admitted that plaintiff was transported to the Radnor Township Police Station. The remaining allegations are denied.

58. Admitted in part, denied in part.   It is admitted that Plaintiff was processed and held at the Radnor Township Police Station until she could be arraigned by the Magisterial District Justice. The remaining allegations are denied.

59. Denied.

60. Denied.   To the extent paragraph 60 contains conclusions of law, same are denied.

61. Admitted.

62. Denied.   The allegations contained in paragraph 62 refer to the criminal complaint which is writing, speaks for itself, and any characterization of same is expressly denied.

63. Admitted in part, denied in part.   It is admitted that Plaintiff was arraigned from the Township Police Department by the Magisterial District Justice via video conference on August 13, 2022.   The remaining allegations are denied.  To the extent paragraph 63 contains conclusions of law, same are denied.

64. Denied.  To the extent paragraph 64 contains conclusions of law, same are denied.

65. Admitted in part, denied in part.   Is admitted that the Magisterial District Justice held Plaintiff over for a preliminary hearing.   The remaining allegations are denied.   To extent paragraph 65 contains conclusions of law, same are denied.

66. Admitted in part, denied in part.  It is admitted that bail was set, but the bail notice is in writing, speaks for itself and any characterization of same is expressly denied.   To the extent paragraph 66 contains conclusions of law, same are denied.

67. Denied.

68. Denied Plaintiff's criminal records have been expunged at the direction of the Plaintiff, including the criminal dockets detailing the decision by the Magisterial District Justice. The remaining allegations are denied. To the extent paragraph 68 contains conclusions of law, same are denied.

69. Admitted in part, denied in part. It is admitted that Plaintiff's criminal records have been expunged, thereby denying Defendants an opportunity to have access to critical information necessary in the defense of this case. The remaining allegations are denied.

70. Denied. The allegations contained in paragraph 70 refer to Defendant other than Answering Defendants to which no response is required.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT I
### PLAINTIFF v. COCCO, PINTO AND MCHALE
### FALSE ARREST/WRONGFUL CIVIL COMMITMENT
### UNDER UNDER 42 U.S.C. § 1983

71. Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

72 – 81. Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT II
### PLAINTIFF V. COCCO
### FALSE ARREST UNDER 42 U.S.C. § 1983

82. Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

83 – 87.  Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT III
### PLAINTIFF V. COCCO AND BROWN
### FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

88. Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

89 – 97.  Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT IV
### PLAINTIFF V. BROWN AND COCCO
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

98. Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

99-101.    Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT V
### FAILURE TO TRAIN UNDER 42 U.S.C. § 1983
### PLAINTIFF V. RADNOR TOWNSHIP

102.  Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

103 – 111. Denied as conclusions of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT VI
### PLAINTIFF V. BRYDZINSKI AND PRETE AND ROCKWELL-GLYNN
### MALICIOUS PROSECUTION UNDER PENNSYLVANIA LAW

112.    Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

113 – 117. Denied. The allegations contained in these paragraphs refer to a Defendant other than Answering Defendants to which no response is required.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

**COUNT VII**
**PLAINTIFF V. BRYDZINSKI, PRETE AND ROCKWELL GLYNN**
**CONVERSION UNDER PENNSYLVANIA LAW**

118.     Answering Defendants incorporate by reference the preceding paragraphs of this Answer as though fully set forth at length.

119-121.  Denied. The allegations contained in these paragraphs refer to Defendant other than Answering Defendants to which no response is required.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys fees and costs of suit and such other further relief that this Court may deem equitable or just.

**AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Answering Defendants claims same.

2. Plaintiff's Complaint fails to state a cause of action against Answering Defendants.

3. Answering Defendants assert the defense of qualified immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), and subsequent cases.

4. Answering Defendants assert all immunity to which they maybe entitled under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §8541 *et seq*.

5. Answering Defendants assert all immunity to which they may be entitled pursuant to the Pennsylvania Mental Health Procedures Act, 50 Pa. C.S.A. §7101 *et seq*.

6. Plaintiff's injuries, sufferings and/or damages, if any, were caused by the conduct, negligence, recklessness, criminal and/or other behavior of another/others, over whom answering defendants had no control and/or right of control, and not in anyway by the conduct of Responding Defendants.

7. Plaintiff's injuries, sufferings, and/or damages, if any, were caused by her own conduct, negligence, recklessness, criminal or/other behavior and not in anyway by the conduct of the Responding Defendants.

8. Plaintiff's claims should be dismissed based upon on her spoliation of evidence by seeking expungement of her criminal records before filing the instant lawsuit thereby denying Answering Defendants with relevant and necessary information and materials to defend this matter.

9. At all times material to the Complaint, Answering Defendants acted in a manner which was objectively reasonable, in light of the facts and circumstances confronting them pursuant to *Graham v. Connor*, 109 S.Ct. 1865 (1989).

10. To the extent that actual ownership of the subject premises rests with another, Plaintiff lacks standing to pursue claims against responding defendants.

11. To the extent Plaintiff's claims are barred pursuing to the U.S. Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), responding defendants claims same.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with

attorneys fees and costs of suit and such other further relief that this Court may deem equitable

or just.

MARSHALL DENNEHEY, P.C.

BY:_____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
Attorney for Defendants, Township of
Radnor, Jennifer Cocco, Joseph Pinto,
Bradley McHale and Brian Brown

Date: October 15, 2024

| | | |
|---|---|---|
| SIMONA OCKLEY | : | |
| | : | **CIVIL ACTON** |
| **Plaintiff,** | : | |
| vs. | : | **No. 2:24-cv-04070** |
| | : | |
| **TOWNSHIP OF RADNOR, JENNIFER** | : | |
| **COCCO, JOSEPH PINTO, BRADY** | : | |
| **MCHALE, BRIAN BROWN, JEFFREY** | : | |
| **BRYDZINSKI, TYLER PRETE and** | : | **JURY TRIAL DEMANDED** |
| **ROCKWELL-GLYNN, LP** | : | |
| | : | |
| **Defendants.** | | |

## CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of the

foregoing Answer with Affirmative Defenses to the Complaint and Demand for Jury Trial was

electronically filed with the Court on the date below and is available for viewing and

downloading from the ECF System. All counsel of record served via electronic notification.

MARSHALL DENNEHEY, P.C.

BY:_____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
Attorney for Defendants, Township of
Radnor, Jennifer Cocco, Joseph Pinto,
Bradley McHale and Brian Brown

Date: October 15, 2024