**SPRUCE LAW GROUP, LLC**
Todd R. Bartos, Esq. (ID No. 84279)
1622 Spruce Street
Philadelphia, PA 19103
Phone: 267-546-0617
tb@sprucelaw.com                    *Attorneys for Jeffrey Brydzinski,*
                                    *Tyler Prete, and Rockwell-Glynn, LP*

# IN THE UNITED STATES COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA OCKLEY | CIVIL ACTION |
| *Plaintiff,* | No. 2:24-cv-04070-JS |
| vs. | DEFENDANTS ANSWER WITH AFFIRMATIVE DEFENSES |
| TOWNSHIP OF RADNOR, JENNIFER COCCO, JOSEPH PINTO, BRADY MCHALE, BRIAN BROWN, JEFFREY BRYDZINSKI, TYLER PRETE and ROCKWELL-GLYNN, LP | |
| *Defendants.* | |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS, JEFFREY BRYDZINSKI, TYLER PRETE and ROCKWELL-GLYNN, LP TO PLAINTIFF'S COMPLAINT

Defendants JEFFREY BRYDZINSKI, TYLER PRETE and ROCKWELL-GLYNN, LP, by and through their counsel, Spruce Law Group, LLC, submit this Answer with Affirmative Defenses as follows:

1. Denied. This paragraph contains Plaintiff's summary of the case and is denied.

## I. JURISDICTION AND VENUE

2. Denied as a conclusion of law.

3. Denied as a conclusion of law.

4. Denied as a conclusion of law.

## II. JURY DEMAND

5. Denied as a conclusion of law.

## III. PARTIES

6. Denied. Answering Defendants do not know Plaintiff's present residence and do not know her present citizenship status.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Admitted upon information and belief.

10. Admitted upon information and belief.

11. Admitted that Brydzinski is a citizen of the United States and is available via undersigned counsel.

12. Admitted that Prete is a citizen of the United States and is available via undersigned counsel.

13. Admitted in part, denied in part. It is admitted that Defendant is a limited partnership. The mailing address is located at 1075 Eagle Road, Wayne, PA 19087.

14. Denied as a conclusion of law.

## IV. FACTS

15. Admitted in part, denied in part. It is admitted that Plaintiff resided at the Ithan Avenue address. The remaining averments are denied.

16. Admitted in part, denied in part. It is admitted that Plaintiff sold the Ithan Avenue property to Rockwell-Glynn. The remaining averments are denied.

17. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

18. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

19. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

20. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

21. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

22. Denied.

23. Denied.

24. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

25. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

26. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

27. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

28. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

29. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

30. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

31. Admitted in part, denied in part. Admitted that a claim was brought and the documents on the public record speak for themselves. The remaining averments are denied.

32. Denied.

33. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

34. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

35. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

36. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

37. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

38. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

39. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

40. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

41. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

42. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

43. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

44. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

45. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

46. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

47. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

48. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

49. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

50. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

51. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

52. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

53. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

54. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

55. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

56. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

57. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

58. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

59. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

60. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

61. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

62. Denied as a conclusion of law.

63. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

64. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

65. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

66. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

67. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

68. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

69. Denied. After reasonable investigation, Answering Defendants are without sufficient information to admit or deny the averments in this paragraph and the same are denied.

70. Denied.

## COUNT I

**PLAINTIFF v. COCCO, PINTO AND MCHALE FALSE ARREST/WRONGFUL CIVIL COMMITMENT UNDER 42 U.S.C. § 1983**

71. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

72. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

73. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

74. Denied. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

75. Denied. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

76. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

77. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

78. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

79. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

80. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

81. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT II

## PLAINTIFF V. COCCO

## FALSE ARREST UNDER 42 U.S.C. § 1983

82. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

83. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

84. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

85. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

86. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

87. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT III

### PLAINTIFF V. COCCO AND BROWN

### FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

88. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

89. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

90. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

91. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

92. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

93. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

94. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

95. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

96. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

97. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT IV

### PLAINTIFF V. BROWN AND COCCO

### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

98. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

99. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

100. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

101. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT V

### PLAINTIFF V. RADNOR TOWNSHIP

### FAILURE TO TRAIN UNDER 42 U.S.C. § 1983

102. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

103. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

104. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

105. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

106. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

107. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

108. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

109. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

110. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

111. Denied. The allegations contained in this paragraph refers to Defendants other than Answering Defendants and therefore no response is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## **COUNT VI**

**PLAINTIFF V. BRYDZINSKI AND PRETE AND ROCKWELL-GLYNN**

**MALICIOUS PROSECUTION UNDER PENNSYLVANIA LAW**

112. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

113. Denied. The averments in this paragraph are denied.

114. Denied. The averments in this paragraph are denied.

115. Denied. The averments in this paragraph are denied.

116. Denied as a conclusion of law.

117. Denied as a conclusion of law.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## COUNT VII

## PLAINTIFF V. BRYDZINSKI, PRETE AND ROCKWELL GLYNN

## CONVERSION UNDER PENNSYLVANIA LAW

118. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

119. Denied. The averments in this paragraph are denied.

120. Denied. The averments in this paragraph are denied.

121. Denied as a conclusion of law and generally denied.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

## AFFIRMATIVE DEFENSES

1. Answering Defendants repeat the preceding paragraphs as if set forth at length herein.

2. To the extent Plaintiff's claims are barred and/or limited pursuant to the applicable statute of limitations, Answering Defendants claim same.

3. Plaintiff's Complaint fails to state a cause of action against Answering Defendants.

4. Plaintiff's injuries, sufferings and/or damages, if any, were caused by the conduct, negligence, recklessness, criminal and/or other behavior of another/others, over whom Answering Defendants had no control and/or right of control.

5. Plaintiff's injuries, sufferings, and/or damages, if any, were caused by her own conduct, negligence, recklessness, criminal or/other behavior and not in any way by the conduct of the Answering Defendants.

6. Plaintiff's claims are barred by a pending state law claim.

7. Plaintiff's claims are barred by the doctrine of unclean hands.

8. Plaintiff's claims are barred by the doctrine of laches.

9. Plaintiff's claims are barred by the doctrine of waiver.

10. Plaintiff's claims are barred by her failure to mitigate.

11. To the extent that actual ownership of the subject premises rests with another, Plaintiff lacks standing to pursue claims against Responding Defendants.

12. Plaintiff's claims are barred as Answering Defendants did not supervise, control, train, or otherwise cause the other Defendants to act or fail to act in any manner.

13. Plaintiff's claims are barred as Answering Defendants are not vested with prosecutorial power.

14. Plaintiff's claims are barred as Answering Defendants acted reasonably and within existing Court orders in all of their conduct as to Plaintiff.

15. Plaintiff's claims are barred by lack of malice.

16. Plaintiff's claims are barred by the doctrine of reliance on law enforcement officials acting in their official capacity.

17. Plaintiff's claims are barred by the doctrine of Comparative or Contributory Negligence.

18. Plaintiff's claims are barred by the doctrine of Impossibility.

WHEREFORE, Defendants respectfully request that this Court enter judgment in favor of Defendants and against Plaintiff dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other further relief that this Court may deem equitable or just.

**SPRUCE LAW GROUP, LLC**

Date: October 31, 2024

By:_____
Todd R. Bartos, Esquire
Pa. Attorney I.D. No. 84279
Spruce Law Group, LLC
1622 Spruce Street
T: (267) 546-0617
F: (267) 564-0570
Philadelphia, PA 19103
tb@sprucelaw.com

*Attorneys for Defendants, Jeffrey Brydzinski, Tyler Prete, and Rockwell-Glynn, LP*