*Exhibit 18*

*Rockwell-Glynn Complaint*
*June 21, 2022*

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_____Delaware_____ County

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** ROCKWELL GLYNN, L.P.

**Lead Defendant's Name:** SIMONA OCKLEY

**Are money damages requested?** [X] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [X] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

**Name of Plaintiff/Appellant's Attorney:** Lee M. Herman, Esquire

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other _____
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [X] Other: Equity- Enforce Agreement

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [X] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

PLF 0002

*Undated 1/1/2011*

LEE M. HERMAN, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 27570
280 N. Providence Road, Suite 4
Media, Pennsylvania 19063
(610) 891-6500
Fax (215) 689-1930
lmh@lmhlaw.com

| | |
|---|---|
| ROCKWELL GLYNN, L.P.<br>123 E. State Street<br>Media, PA 19063<br>               Plaintiff<br>vs.<br>SIMONA OCKLEY<br>416 South Ithan Road<br>Villanova, PA 19085<br>               Defendant | : Court of Common Pleas<br>: Delaware County, PA<br>:<br>: No. CV-2022- 004275<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## NOTICE TO DEFEND-CIVIL

      You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

      YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

      IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
FRONT AND LEMON STREETS
MEDIA, PA 19063
(610) 566-6625

1

PLF 0003

LEE M. HERMAN, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 27570
280 N. Providence Road, Suite 4
Media, Pennsylvania 19063
(610) 891-6500
Fax (215) 689-1930
lmh@lmhlaw.com

| | |
|---|---|
| ROCKWELL GLYNN, L.P.<br>123 E. State Street<br>Media, PA 19063<br>                       Plaintiff<br>vs.<br><br>SIMONA OCKLEY<br>416 South Ithan Road<br>Villanova, PA 19085<br>                       Defendant | Court of Common Pleas<br>Delaware County, PA<br><br>No. CV-2022- 004275 |

## COMPLAINT

Plaintiff, Rockwell Glynn, LP ("Plaintiff"), by its attorneys, Lee M. Herman, Esquire, brings this cause of action based upon the following statement of facts:

## PARTIES

1. Plaintiff is a Limited Partnership organized and existing pursuant to the laws of the Commonwealth of Pennsylvania and doing business at 123 E. State Street, Media, PA 19063.

2. Defendant is Simona Ockley, ("Defendant") is an individual who at all times relevant to the events set forth in this Complaint owned a residential property located at 416 South Ithan Road, Villanova, PA 19085 ("the Property").

1

PLF 0004

## JURISDICTION AND VENUE

3.  This court has jurisdiction over the dispute set forth in this Complaint; venue is proper before this Court as this case involves title to real estate located in Delaware County.

4.  Both Plaintiff and Defendant are present in Delaware County; all events leading up to this litigation occurred in Delaware County.

## FACTUAL BACKGROUND

5.  On or about October 29, 2021, Plaintiff, as Buyer, and Defendant, as Seller, entered into an Agreement of Sale for the Property. A copy of the Agreement of Sale is attached to the Complaint as Exhibit "A" and is incorporated by reference as though fully set forth herein.

6.  The essential terms of the Agreement of Sale are as follows:

    a. Price: $550,000.00
    b. Deposit: $ 20,000.00
    c. Settlement: January 31, 2022
    d. Mortgage Contingency: None
    e. Inspection Contingencies: All waived except as to survey.

THE PROPERTY IS LISTED FOR TAX SALE IN DECEMBER 2021
BUYER AGREES TO ALLOW SELLER TO UTILIZE BUYER'S DEPOSIT
TO FUND A PAYMENT TO TAXING AUTHORITIES
IN RETURN FOR SELLER SIGNING A DEED TO BE HELD IN ESCROW

7.  After the Agreement of Sale was signed, Plaintiff determined that the Delaware County Tax Claim Bureau listed the Property for tax sale at the continued Upset Tax Sale on December 16, 2021 Tax Sale, as Defendant had not paid property taxes due to local taxing authorities. See: Exhibit "B".

2

PLF 0005

8. On December 13, 2022, Buyer and Seller agreed that all or part of Buyer's $20,000.00 deposit would be released to Seller so that Seller could pay her back taxes and have the Property removed from the December 16, 2021 tax sale. In return, Seller agreed to execute a Deed to Buyer which would be held in Escrow until final settlement. See: Exhibit "C".

9. On December 13, 2021, the Agreement of Sale was modified at line 10 by a handwritten notation: "THE DEPOSIT SHALL TRANSFER TO SELLER 12/13/2021." However, the outside closing date of January 31, 2022 remained in place.

10. On December 14, 2021, Buyer's title company released Buyer's deposit to Seller, who in turn made a payment to the Delaware County Tax Claim Bureau, thus allowing the Property to be removed from the December 16, 2021 Tax Sale.

<u>SELLER REPEATEDLY FAILS TO APPEAR FOR NUMEROUS CLOSING DATES</u>

11. Seller did not attend the settlement scheduled for January 31, 2022; rather she requested and was granted an extension to close no later than April 17, 2022.

12. Again, Seller did not attend the settlement scheduled to occur no later than April 17, 2022.

13. Buyer scheduled a closing for May 2, 2022; once again, Seller did not appear for a closing on that date. See: Exhibit "D".

14. To accommodate Seller, the parties agreed to a second extension to close no later than June 10, 2022. See: Exhibit "E".

15. Seller did not appear for closing scheduled for June 10, 2022.

16. Seller has failed to attend any schedule closing date; as such, she is in default under the Agreement of Sale. Plaintiff has notified Seller she is in Default. See: Exhibit "F".

3

PLF 0006

## BUYER AGREES TO CONSTRUCT A NEW RESIDENCE AT 416 S. ITHAN ROAD.

17. Subsequent to entering an agreement with Seller to acquire the Property, and in reliance on Seller's agreement to convey the Property to Plaintiff, Plaintiff entered an Agreement with its purchaser ("Purchaser") to construct a new residence at 416 S. Ithan Road, Villanova, PA ("Construction Contract").

18. In reliance on the Construction Agreement, Purchaser sold their primary residence to use their proceeds to immediately fund the construction of their new residence with a construction start date of early July 2022.

19. In reliance on the Construction Agreement, Purchaser secured construction financing with Citizens Bank and locked in a fixed 30-year interest rate prior to the Federal Reserve's raising of interest rates (the "Rate Lock"). Since receiving the Rate Lock, mortgage rates have significantly increased, and a delayed closing of the loan would jeopardize the Rate Lock and have serious financial impacts.

20. Plaintiff is advised that the Citizen's Bank construction loan and 30-year fixed mortgage is scheduled to close on June 24, 2022.

21. Plaintiff anticipated that its profit in acquiring Seller's Property and in turn constructing and conveying a new residence to its Purchaser would be Two Hundred Fifty Thousand Dollars ($250,000.00), which it might lose should Seller refuse to convey the Property has she has agreed.

22. Should Plaintiff fail to acquire title to the Property on or before June 24, 2022, it would risk the loss of the proposed sale and construction of a new residence to its Purchaser.

4

23. Plaintiff has already incurred approximately Thirty Thousand Dollars ($30,000.00) in connection with engineering and professional fees related to the acquisition of the Property from Seller, and in engineering and related costs to prepare for construction of a new residence for its Purchaser.

24. Construction of the new residence at the Property is currently scheduled to commence in the first few weeks of July. Any delay in commencing construction in July could result in numerous construction delay damages. For example, a delay could push construction into the winter months resulting in additional costs. Furthermore, subcontractors scheduled to commence work on this project in July could be lost creating a labor issue for Plaintiff resulting in additional delay damages.

## COUNT I
## DECLARATORY RELIEF

25. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as though the same were set forth herein at length.

26. Plaintiff seeks a declaratory judgment that the December 13, 2021 Deed is a valid document and that Plaintiff is entitled to record the Deed upon payment of the purchase price pursuant to 42 Pa.C.S. §§7531.

27. Plaintiff has a direct and immediate interest in having the December 13, 2021 Deed declared valid because it is not so declared, Plaintiff could suffer an adverse effect through the loss of the transaction it has entered with its Purchaser.

28. Plaintiff has a substantial and direct interest in ensuring that the December 13, 2021 Deed is validated, released from escrow and recorded.

5

PLF 0008

29. The Declaratory Judgment Act is a remedial statute that has as its purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." 42 Pa.C.S. §§7541.

30. Plaintiff seeks an Order of Court which would release the Deed which Seller signed on December 13, 2022, in return for which Plaintiff would pay the purchase price set forth in the Agreement of Sale, thus allowing title to the Property to be transferred to Plaintiff in return for the Purchase Price as the parties agreed in the October, 2021 Agreement.

WHEREFORE, Plaintiff respectfully requests the entry of an Order of Court:

a. Declaring that Plaintiff may obtain title to 416 S. Ithan Avenue, Villanova, PA by recording the Deed signed by Defendant on December 13, 2021, upon payment by Plaintiff of the purchase price set forth in the Agreement of Sale to Seller, to the Title Company or as further directed by an Order of Court.

b. Granting such other relief as the Court determines to be fair and equitable under the circumstances.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiff incorporates herein by reference the preceding paragraphs of this Complaint as though the same were set forth herein at length.

32. Defendant is in breach of its contractual obligation to sell the Property to Plaintiff under the Agreement of Sale, which has been modified at Defendant's request to settle on or before June 10, 2022. (See Exhibits "A" and "E").

33. Defendant received the benefit of Plaintiff's down payment which was released by the title company and utilized to pay Defendant's past-due taxes; by reason of Plaintiff's

6

down payment being released to Defendant, and in turn paid to the Delaware County Tax Claim Bureau, the Property was removed from a Tax Sale scheduled for December 16, 2021.

34. Plaintiff has sustained monetary damages including the loss of its down payment, the costs it has incurred in preparing the Property for the construction of a new residence for its Purchaser, the potential loss of the profits it would have made in the construction of a new residence for its Purchaser, and construction delay damages.

WHEREFORE, Plaintiff, Rockwell Glynn, LP demands judgment against Defendant, Simona Oxley, in an amount in excess of $50,000 plus interest, costs and attorney's fees and such further relief as the court deems necessary.

*/s/ Lee M. Herman*
LEE M. HERMAN, ESQUIRE
Attorney for Plaintiff

7

PLF 0010

## VERIFICATION

Greg Lingo hereby states that he is Manager of Rockwell Glynn GP, LLC, the sole General Partner of Plaintiff, Rockwell Glynn, LP, that he is authorized to take this Verification, and that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information and belief.

The undersigned understands that this statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
GREG LINGO
Manager, Rockwell Glynn GP, LLC
Sole General Partner of Plaintiff,
Rockwell Glynn, LP

DATE: 6/21/2022

1

PLF 0011