*Exhibit 47*

*Indemnity Agreement between Rockwell Glynn and Jeffrey Brydzinski executed on July 19, 2022*

# INDEMNIFICATION AGREEMENT

This Indemnification Agreement ("Agreement) is entered into this **19th** day of **July, 2022**, between **JEFFREY BRYDZINSKI** ("Owner"), and **ROCKWELL GLYNN, LP** ("Rockwell").

## BACKGROUND

A. Rockwell purchased the property located at 416 S. Ithan Avenue, Villanova, Delaware County, Pennsylvania 19085 (the "Property") from a Mrs. Simona Ockley ("Previous Owner"), pursuant to a separate agreement of sale.

B. The Previous Owner, prior to her closing with Rockwell, due to a health issue, vacated the Property leaving her personal property within the single-family home on the Property ("Personal Property").

C. On April 21, 2022, the vacant single-family home on the Property (the "Structure"), with the Personal Property inside, was declared by a Radnor Township Code Official "Unsafe For Human Occupancy or Use." The Township further declared that it was "Unlawful For Any Person To Use Or Occupy This Building After 4-21-22" (Notice of Condemnation"). The Notice of Condemnation was issued by Radnor Township code official Andy Pancoast, and the vacant home was secured with bolt locks by the Township and Legal Notices were placed on the Structure's entrance ways.

D. Judge Whelan of the Court of Common Pleas of Delaware County, Pennsylvania issued an Order, attached as Tab 1, stating that the Previous Owner "shall have unlimited and unfettered access to the Property at her own risk to remove her [P]ersonal [P]roperty until September 1, 2022. Any [P]ersonal [P]roperty remaining at the Property after September 1, 2022 shall be deemed abandoned and may be removed by [Rockwell] as refuse ("Court Order").

E. Rockwell sold the Property to Owner with the Previous Owner's Personal Property remaining in the vacant Structure until September 1, 2022, pursuant to the Court Order. Rockwell did not receive keys to the Structure from the Previous Owner upon purchase of the Property and, as such, was not able to provide Owner with keys to any of the Structure's doors. Moreover, Rockwell was not provided with keys by the Township and, as such, was not able to provide Owner with the keys to the bolt locks installed by the Township. If necessary, Rockwell will coordinate with the Previous Owner to obtain the keys to the entranceways to the Structure or otherwise gain access to the Structure. Rockwell will coordinate with the Township to obtain the keys to the bolt locks or to gain access from the Township to the Structure.

F. Once Rockwell coordinates a means to enter the Structure, Owner hereby agrees that Rockwell and/or Previous Owner shall have access to the Property and Structure, at their own risk and in a manner consistent with the Court Order and any rules and regulations imposed by the Township to allow for removal of Previous Owner's Personal Property from

RGBRGLIB000035

the Structure by September 1, 2022 at no cost to Owner. The period from today through and including September 1, 2022, will be hereinafter referred to as "Removal Term." Owner shall not access the Property or the Structure during the Removal Term nor shall Owner permit any other individuals or third parties (other than Rockwell and the Previous Owner and their respective employees, agents, contractors, beneficiaries, affiliates, and movers) to enter the Property or the Structure or remove any of the Personal Property.

G. By September 2, 2022, Rockwell agrees to remove any Personal Property from the Structure on the Property deemed "abandoned" per the Court Order, at Rockwell's cost; provided, Rockwell may determine in its sole discretion that some or all of any such "abandoned" Personal Property may remain and be effectively disposed of as part of the demolition of the Structure, rather than removal from the Property and then disposition as refuse.

H. Rockwell agrees to defend, indemnify and save harmless Owner for any and all claims by the Previous Owner or any other third party related to the Personal Property and the removal of the same, as set forth in greater detail herein.

**NOW THEREFORE**, in consideration of the mutual covenants hereinafter set forth, Owner and Rockwell agree as follows:

1. Indemnity.

(a) Rockwell agrees to defend, indemnify and save harmless Owner, and Owner's beneficiaries (collectively the "Indemnified Parties"), to the fullest extent permitted by the law, from and against all claims, losses, liabilities, damages, theft, costs, penalties, fines, damages, expenses (including but not limited to court costs and reasonable attorney's fees) and claims of whatever nature by any third parties (including but not limited to Previous Owner )arising from: (i) the storage of the Personal Property at the Property during Removal Term; (ii) removal of the Personal Property by the Previous Owner, Rockwell or any other person from the Property during the Removal Term; (iii) the presence of the Previous Owner, Rockwell or any other person on the Property during the Removal Term, including the Structure subject to the Notice of Condemnation; (iv) any and all accidents or injuries (including but not limited to permanent injuries or death) to any person (including but not limited to Previous Owner, Previous Owner's employees, agents, contractors, beneficiaries, affiliates, movers, or any other person Previous Owner permitted on the Property during the Removal Term and further including but not limited to Rockwell's employees, or anyone else directly or indirectly employed by Rockwell) present at the Property during the Removal Term for the purpose of inventorying, sorting, inspecting, photographing, collecting, purchasing, moving, taking apart, or removing the Personal Property from the Property pursuant to the Court Order (this also includes any accidents or injuries incurred during the ingress and egress from the Property or presence at the Property or in the Structure to do any of the above); (v) damage to the Personal Property.

(b) Rockwell will provide the above referenced indemnification in connection with any alleged negligence, act, omission, claim, or condition, caused or created, in whole or in part by Rockwell, Rockwell's affiliates, employees or agents, or any other person or persons

RGBRGUB000036

whatsoever (including Previous Owner), whether or not based in part upon the active, passive, concurrent (but not sole) negligence of an Indemnified Party.

(c) Rockwell's obligations to defend, indemnify, and hold harmless set forth in this Agreement shall continue beyond the Removal Term, it being agreed that such rights and obligations are and shall be continuing in nature and effect.

2. Access to the Property. Given Owner does not have keys for the entranceways of the Structure by Rockwell and the Township has installed bolt locks on all entranceways to the structure, Owner has no way to provide access to the Structure to either Rockwell or Previous Owner. Accordingly, if necessary, Rockwell agrees to coordinate with the Previous Owner to obtain the keys to the entranceways to the Structure or otherwise gain access to the Structure. Rockwell also agreed to coordinate with the Township to obtain the keys to the bolt locks or to gain access from the Township to the Structure. Owner shall not permit or invite anyone to enter Property or the Structure on the Property, where the Personal Property is being stored, other than Rockwell and the Previous Owner and their respective employees, agents, contractors, beneficiaries, affiliates, and movers.

3. Personal Property of Previous Owner. Owner hereby agrees that Rockwell and/or Previous Owner shall have access to the Property and Structure in a manner consistent with the Court Order to allow for removal of Previous Owner's Personal Property. Owner shall have no contact or communication with Previous Owner. Owner shall not access the Property or the secured Structure during the Removal Term. Owner shall not permit any other individuals or third parties to enter the Property or the Structure other than Rockwell and the Previous Owner. Rockwell will remove by September 2, 2022 any Personal Property not removed from the Property by the Previous Owner that is deemed "abandoned" pursuant to the Court Order at Rockwell's own expense; provided, notwithstanding the foregoing, Rockwell may determine in its sole discretion that some or all of any such "abandoned" Personal Property may remain and be effectively disposed of as part of the demolition of the Structure, rather than removal from the Property and *then* disposition as refuse.

4. Attorneys' Fees. If a court of competent jurisdiction enters a judgment against Rockwell in any action instituted by reason of any default under this Agreement, Rockwell shall pay to Owner the Owner's attorneys' fees charged for instituting or prosecuting such action or proceedings, together with interest, costs and disbursements and any and all costs necessary to obtain satisfaction of any judgment for money or possession.

5. Miscellaneous. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, subject to the provisions of this Agreement. If any provision of this Agreement or portion of such provision or the application thereof to any person or circumstance is for any reason held invalid, the remainder of the Agreement (or the remainder of such provision) and the application thereof to other persons or circumstances shall not be affected thereby. This Agreement contains all of the agreements of the parties with respect to the subject matter thereof, supersedes all prior dealings between the parties with respect to such subject matter and may be amended only by instruments in writing executed

RGRGUB000037

by the parties hereto. This Agreement is not a lease and confers no leasehold interests for the Property to Rockwell, Previous Owner, or any other party.

6. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, **Jeffrey Brydzinski** and **Rockwell Glynn, L.P.**, intending to be legally bound hereby, have entered into this License Agreement the day and year aforesaid.

**JEFFREY BRYDZINSKI,** an adult individual

Dated: 7/19/22    By: _[signature]_

**ROCKWELL GLYNN, LP,** a Pennsylvania Limited Partnership

Dated: 7/19/2021    By: _[signature]_
Title: Manager

-4-

RGBRGUB000038