## Exhibit 53

**Plaintiff's Reply to Rockwell Glynn's
Motion for Reconsideration
September 6, 2022**

# In The Court of Common Pleas of Delaware County, Pennsylvania

## COVER SHEET - NOTICE OF FILING OF MOTION OR PETITION UNDER LOCAL RULES OF CIVIL PROCEDURE

CASE CAPTION:
Rockwell Glynn, LP
vs.
Simona Ockley

CIVIL CASE NO.
CV-2022-004275

MOTION FOR RECONSIDERATION OF AUGUST 9, 2022 ORDER

NATURE OF MATTER FILED: (*please check one*)

☐ Petition Pursuant to Rule 206.1    ☐ Response to Petition    ☐ Motion for Judgment on the Pleadings Pursuant to Rule 1034(a)

☑ Motion Pursuant to Rule 208.1    ☐ Response to Motion    ☐ Summary Judgment Pursuant to Rule 1035.2

☐ Family Law Petition/Motion Pursuant to Rule 206.8

## FILING PARTY IS RESPONSIBLE FOR SERVICE OF THE RULE RETURNABLE DATE OR HEARING DATE UPON ALL PARTIES

A motion or petition was filed in the above captioned matter on the ___15th___ day of __August__ , __2022__ , which:

☐ Requires you, Respondent, to file an Answer within twenty (20) days of the above date to this notice, or risk the entry of an Order in favor of the Petitioner. Answers must be filed and time stamped by the Office of Judicial Support by 4:30 PM on the following date _____ , _____

---

☐ Requires all parties, to appear at a hearing/conference on the ___ day of _____ , _____, at _____ in Courtroom ____, Delaware County Courthouse, Media, Pennsylvania. At this hearing/conference you must be prepared to present all testimony and/or argument, and must ensure that your witnesses will be present.

---

☐ Was timely answered, thus requiring the scheduling of the following hearing in the above captioned matter on: _____ _____, _____ at 10:00 AM in Courtroom _____.

At this hearing, all parties must be prepared to present all testimony and/or argument and **must ensure that their witnesses will be present.**

---

☐ Qualifies as an Uncontested Motion or Petition, and as such requires neither an answer from the Respondent nor the scheduling of a hearing in this matter.

---

☐ Has been assigned to Judge _____ .

---

Copying Prohibited

## FOR OFFICE USE ONLY

Mailing date: _____     Processed by: _____

FILED
08-15-2022 02:59 PM
OFFICE OF JUDICIAL SUPPORT

ROCKWELL GLYNN, LP
**PLAINTIFF**

IN THE COURT OF COMMON PLEAS
OF DELAWARE COUNTY, PENNSYLVANIA

vs.

SIMONA OCKLEY NEGUT
**DEFENDANT**

NO. 2022-004275

## ENTRY OF APPEARANCE AS A SELF-REPRESENTED PARTY

1. I am the ☐ plaintiff ☒ defendant in the above-captioned ( select one ) ☐ custody, ☐ divorce, ☐ support, ☐ protection from abuse, ☐ paternity case.

2. ☐ This is a new case and I am representing myself in this case and have decided not to hire an attorney to represent me.

   OR (check only one box)

   ☒ This is NOT a new case and _____ previously represented me in this case.
   (Name of Attorney)
   However, I have decided not to be represented by that attorney and hereby direct the Office of Judicial Support to remove that attorney as counsel of record in this case.

   I have provided a copy of this form to that attorney listed above at the following address:

   _____

3. My address for the purpose of receiving all future pleadings and other legal notices is:

   HOTEL
   AND I understand that this address will be the only location to which important documents are sent, and that I am fully responsible to regularly check my mail at such address to ensure that I don't miss important dates or proceedings.

   ☐ This is my home address.          ☒ This is not my home address.

4. My home telephone number is: _____      My email address is: _____

   My cellular telephone number is: 215-910-0892 My facsimile number is: _____

5. ☐ I UNDERSTAND THAT I MUST FILE A NEW FORM EVERY TIME MY ADDRESS, HOME TELEPHONE NUMBER OR CELLULAR TELEPHONE NUMBER CHANGES -- NO EXCEPTIONS!

6. ☐ I have provided a copy of this form to all other attorneys or other self-represented parties at the following addresses as listed below:

   Name _____   Address _____

   Name _____   Address _____

   Name _____   Address _____

   Name _____   Address _____

7. ☒ I fully understand that by deciding to represent myself, the Court will hold me to the same standards of knowledge regarding the Statutory Law, Evidence Law, Local and State Rules of Procedure and applicable case law as a Pennsylvania licensed attorney, and that I must be fully prepared to meet those responsibilities.

I verify that the statements made in this Entry of Appearance as a Self-Represented Party are true and correct. I understand that if I make false statements herein, that I am subject to the criminal penalties of 18Pa.C.S. § 4904 relating to unsworn falsification to authorities which could result in a fine and/or prison term.

09.06.2022
Date

_____
Signature (Your Signature)

Copying Prohibited

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

CASE CAPTION                          CIVIL CASE NO.
ROCKWELL GLYNN, LP                    CV-2022-00427

VS.

SIMONA OCKLEY NEGUT
SEPTEMBER 06, 2022
RETURN RESPONSE TO THE MOTION
PURSUANT TO RULE 208.1

HONORABLE JOHN N. WHELAN
JUDGE, COURT OF COMMON PLEAS
COURTHOUSE, 201 W. FRONT STREET
MEDIA, PA 19063

                    AND

HONORABLE BARRY C. DOZOR
JUDGE, COURT OF COMMON PLEASE OF
DELAWARE COUNTY
COURTHOUSE, 201 W. FRONT STREET
MEDIA, PA 19063

DEAR HON. JUDGES WHELAN AND DOZOR,

) AM RESPONDING TO THE MOTION
DATED AUGUST 12, 2022 AND AUGUST 22
2022 FILED BY ATTORNEY LEE M. HERMA
280 N. PROVIDENCE ROAD, SUITE 4, MEDIA,
PA 19063 FOR PLAINTIFF GREGORY LING
ROCKWELL GLENN, L.P.

REGARDING DATE AUGUST 12, 2022:
HON. JUDGE BARRY C. DOZOR
REGARDING THE STATEMENT THAT ) DID
NOT INFORME ABOUT THE EMERGENCY
MOTION DATED AUGUST 9, 2022 THIS IS

Copying Prohibited
2022 SEP -6 AM 11:58 FILED

NOT TRUE.

) HAVE INFORMED PLAINTIFF GREGORY LINGO AND HIS EMPLOYEE LUKE OVER CELL PHONE VOICE MAIL ( 1:24 PM ON AUGUST 9, 2022 AND 11:38 AM ON AUGUST 10, 2022 ). ALSO ) HAVE INFORMED MANAGER OF RADNOR TOWNSHIP AND THEIR PROMT RESPONSE WAS BY REMOVING ALL THE LOCKS AND NOTICES ON AUGUST 09, 2022.

THE PLAINTIFF GREGORY LINGO AND HIS EMPLOYEES TURN OFF POWER WHICH IS NEEDED FOR BASEMENT, ATTIC, CLOSETS SUMP PUMP IN THE BASEMENT ( LIKE TODAY WITH ALL FLASH FLOOD SEPTEMBER 06, 2022 AND ALSO THEY TURN OFF WATER. WHICH IS NEEDED.

) HAD CONTACTED PECO COMPANY AND THE CUSTOMER SERVICE REPRESENTATIVE TOLD ME THAT THE POWER IS OFF FROM INSIDE PANEL HOUSE. THE PLAINTIFF LOCKED FROM INSIDE THE DOOR OF THE BASEMENT WITH NO ACCESS TO THE POWER PANEL.

) ALSO CONTACTED AQUA PA COMPANY AND THE CUSTOMER SERVICE REPRESENTATIVE TOLD ME AFTER ) SEND BY FAX THE EMERGENCY MOTION DATED AUGUST 09, 2022, THAT THE WATER WAS NOT TURNED OFF FROM THEIR END, MAY BE THE WATER IS TURNED OFF FROM THE STREET. STILL NO WATER.

4. WRONG. THEY COME WITH ALL EXCUSE TO ENTER THE PROPERTY.

WRONG. THEY ARE NOT CONCERNED ABOUT MY SAFETY ", THEY MAKE ALL 2

EFORTS TO ACCESS THE PROPERTY, MY BELONGIN
AND MY FAMILY BELONGINGS FOR MORE THAN
70 YEARS.
STILL THE PLAINTIFF GREGORY LINGO
HAS REFUSED TO REMOVE ALL THE LOCKS
THAT HE INSTALLED TO ALL THE ENTRENC
OF THE HOUSE.
THE PLAINTIFF GREGORY LINGO AND HIS
EMPLOYEES TRY TO FIND WAYS TO DELAY
MY ENTRY ONTO THE PROPERTY TO REMOVE
MY PERSONAL BELONGINGS.
WITH YOUR EMERGENCY MOTION THAT )
SUPPOSED TO HAVE UNLIMITED ACCESS
TO THE PROPERTY THE PLAINTIFF SHOUL
BE HOLD RESPONSIBLE BY VIOLATING
THAT.
) HAVE TO SPEND MY MONEY TO HAVE
A LOCKSMITH COMPANY REMOVE ALL
PLAINTIFF'S LOCKS FROM ALL DOORS
AND BROKE THE BASEMENT DOOR LOCK
TO OPEN THE DOOR.
THE DRIVEWAY WAS BLOCKED BY HEAVY
EQUIPMENT OF MG TREE COMPANY )
WHICH START THE WORKED EXACTLY WHE
) WAS RELESED FROM HOSPITAL SO MY
ACCESS TO THE PROPERTY WILL BE DELA
ALL THIS TIME ) WAS KEPT WAY FROM TH
PROPERTY SPENDING MONEY ON HOTEL
TAXI LOCKSMITH COMPANY, WHO WILL
BE RESPONSIBLE FOR PLAINTIFF BEHAVI
TO KEEP ME AWAY FROM THE HOUSE
ENTRY, MY BELONGINGS AND DELAY SC
MY PROPERTY WILL BE TRASH, LOST OR 3

Copying Prohibited

ON PLAINTIFF HANDS,

REGARDING DATE AUGUST 22, 2022:

HON, JUDGE BARRY C. DOZOR

AND

HON. JUDGE JOHN J. WHELAN

AS I HAVE MENTIONED THE PLAINTIFF GREGORY LINGO MAKE I LOT OF EFFORTS TO KEEP ME ACCESS THE HOUSE, TO REMOVE MY PROPERTY, DISREGARDING THE EMERGENCY MOTION FROM AUGUST 2022.

AS I HAVE MENTIONED ON JULY 11, 2022, IN FRONT OF HON, JUDGE JOHN J. WHELAN THAT I DO NOT TRUST THE PLAINTIFF GREGO LINGO THAT I WILL HAVE FULL ACCESS TO THE PROPERTY WITH NO INTERUPTION, NO SUPERVISION FROM RADNOR TOWNSHIP, RADNOR TOWNSHIP POLICE DEPARTMENT, THAT WAS JUST HAPPENED.

HON. JUDGE JOHN J. WHELAN TOLD TO PLAINTIFF'S ATTORNEY NOT TO BE DISTURBED WHILE I AM ON THE PROPERTY WITH THE PURPOSE OF HAVING MY PERSONAL PROPERTY.

MORE THAN ALL THAT I HAVE MENTION ON AUGUST 12, 2022 TWO POLICE OFFICERS PINTO, COCCO FRAUDULENT BROKE THE ENCLOSED PORCH, ENTERD IN THE HOUSE, DRAG ME OUT, BRUISE ME, PUT ME ON A STRETCHER AND FALLOWED THE EMERGENCY CAR TO CROZER CHESTER MEDICAL CENTER FOR 4

INVOLUNTARY EMERGENCY EXAMINATION
AND TREATEMENT.
CROZER CHESTER MEDICAL CENTER DOCTOR
ASK ME WHY I AM OVERTHERE, THEY
PERFORM A PSYCHIATRIC EXAM AND AFTER
A SHORT TIME I WAS RELEASED, SAYING
THAT IS NOTHING WRONG WITH ME, BUT
THERE ARE OTHER INTERESTS TO KEEP
ME AWAY IN MENTAL INSTITUTION
SO I WILL NOT BE ABLE TO ACCESS
THE HOUSE AND BELONGINGS IN TIME
AND PLAINTIFF AND NEW OWNERS
WITH BENEFIT FROM THIS.
NEXT DAY AUGUST 13, 2022 WHEN I
WENT TO THE PROPERTY ALL THE
ENTRENCES OF THE PROPERTY WERE
BLOCKED BY LARGE PIECES OF PLYWOOD
WINDOWS BLOCKED WITH 6' X4" X2"
IN THE SHAPE OF X.
I WAS SITTING ON THE BENCH INSIDE
OF THE BROKEN WALL OF THE PORCH
WHEN POLICE OFFICER COCCO SAW
ME AND ASK ME WHY I AM OVERTHE
THAT IS NOT MY HOUSE, THAT I AM
DELUSIONAL, THAT I SUPPOSED TO
BE LOCKED AT CROZER CHESTER
MEDICAL CENTER FOR AT LEAST 72
HOURS.
SHE ARRESTED ME INSIDE OF THE PORCH
SHE AND ANOTHER OFFICER DRAG ME,
BRUISED ME, PUT ME ON A STRECHER
AGAIN AND BROUGHT ME TO THE
RADNOR TOWNSHIP POLICE DEPARTMEN
TOOK PICTURE OF ME, FINGER PRINTS
AND WAIT FOR THE JUDGE.

5

THE JUDGE SAID THAT ) TRESPASS.
) PRESENTED TO THE JUDGE THE TWO
COURT ORDERS FROM JULY 15, 2022 AND
AUGUST 09, 2022, THAT ) HAVE THE
WRIGHT TO BE ON THE PROPERTY AND )
DID NOT TRESPASS LIKE THE POLICE
OFFICER COCCO ACUSED ME
THE BAIL WAS SET UP TO $1.00, BUT
FOR NOT REASON ) STILL HAVE TO THE
JAIL, WITH TWO MEDICAL EVALUATION
) WAS INCARCERATED FROM AUGUST 13, 20
TILL SEPTEMBER 02, 2022 → RELEASED
AT 07:30 PM BY SGT. D. LEONARD,
WHICH APOLOGISED TO ME TO ALL THAT
) GOT THRU FOR NO REASONS, NO
MEDICAL ISSUES,
ALL THESE HAPPENED TO BE LATE
(NOT TO MEET THE DATE OF SEPTEMBER
01, 2022, THAT WAS ISSUED ON THE
TWO COURT ORDERS) SO THE PLAINTIFF
WILL BE IN POSSESION OF MY BELONGIN
SOME PEOPLE ARE SAYING THAT HE
SAW DOLLAR SIGNS IN MY BELONGING
) DO NOT AGREE WITH PLAINTIFF'S
IDEEA OR NEW OWNERSS IDEEA TO
REMOVE MY PROPERTY FROM THE
HOUSE AND PUT INSIDE OF CONTAINE
ON THE PROPERTY WITHOUT ME
PRESENT IN THE HOUSE.
NOBODY SHOULD BE ALLOWED TO GET
THRU MY BELONGINGS, IT IS MY DECISIO
WHAT ) AM GOING TO DO, SINCE
) AM BLOCKED FOR DIFFERT REASONS
TO REACH MY POSESIONS, TO CHANGE
CLOTHING, TO HAVE MEDICATION AFTER 6

Copying Prohibited

SURGERY, TELEPHONE, COMPUTER, IMPORTA
DOCUMENTS THAT I NEED.

I HAVE TO PAY TO STAY IN A ROOM IN A
HOTEL, TO PAY FOR A TAXI, WHEN MY
CAR IS IN THE GARAY AND NOT BEEING
ABLE TO ACCESS THE DOORS OF THE
GARAY BECAUSE THERE IS NO POWER
AND THE DOORS OUTSIDE ARE BLOCKED
BY LARGE PIECES OF PLYWOOD BY
PLAINTIFF AND HIS EMPLOYEES.

RADNOR TOWNSHIP POLICE OFFICER THREAT
SOME OF THE PERSONS THAT HELP ME
THAT THEY WILL ARREST THEM IF I GET
ANY HELP!

PLEASE HON. JUDGE JOHN E. WHELAN
AND HON. JUDGE BARRY C. DOZOR
ANALIZE THE RECENT EVENTS AND
OFFER ME NECESSARY TIME TO ACCES
AND REMOVE ON MY OWN MY BELONGING
WITH NO SUPERVISION.

I WILL PROVIDE ALL DOCUMENTATION
NECESSARY FOR ALL STATED HERE,
UPON REQUEST.


RESPECTFULLY,
SIMONA OCKLEY NEGUT
SEPTEMBER 06, 2022

Copying Prohibited

7

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY
PENNSYLVANIA

ROCKWELL GLYNN, LP          NO. 22-004275

vs.

SIMONA OCKLEY NEGUT

CERTIFICATE OF SERVICE

I, SIMONA OCKLEY NEGUT the undersigned, hereby
certify that on 09.06.2022 a true and correct copy of the
RESPONSE was served on the following:

ROCKELL GLYNN, LP

_____

_____

BY: SIMONA OCKLEY NEGUT
(NAME)
HOTEL
(STREET ADDRESS)

_____
(STREET ADDRESS)

_____
(CITY/TOWN, STATE, ZIP CODE)
215-910-0892
(PHONE NUMBER)

SIGNATURE: _____
DATE: 09.06.2022

Copying Prohibited

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

## CIVIL ACTION – LAW

ROCKWELL GLENN, LP      :      No: 2022-004275

     v.      :

SIMONA OCKLEY      :

## ORDER

AND NOW, this _____9_____ day of August, 2022, upon consideration of Defendant's Emergency Petition, and upon review of the Docket and the July 15, 2022 Order signed by Judge John J. Whelan, after a prior hearing on the matter, it is hereby **ORDERED** that Defendant's Petition is **GRANTED**.

Defendant Simona Ockley shall have unlimited and unfettered access to the property located at 416 South Ithan Avenue, Villanova, PA 19085 at her own risk to remove her personal property until September 1, 2022. Plaintiff shall remove any additional locks so that Defendant may access the property until September 1, 2022. Plaintiff and/or the Radnor Police Department shall allow access by removing locks to provide Defendant access to the property to remove her personal property until September 1, 2022.

**BY THE COURT:**

_____ J.

CERTIFIED A TRUE AND CORRECT
COPY FROM THE RECORD
THIS _9_ DAY OF _Aug_ A.D _2022_
MARY J. WALK, ESQUIRE, DIRECTOR
OFFICE OF JUDICIAL SUPPORT

Copying Prohibited

IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROCKWELL GLYNN, LP. | : | Court of Common Pleas of Delaware County |
| Plaintiff | : |  |
| v. | : | No. CV-2022-004275 |
| | : | |
| SIMONA OCKLEY | : | CIVIL ACTION |
| Defendant | : | |

## ORDER

Upon consideration of the Complaint and Petition for Special Injunction filed by Plaintiff, Rockwell Glynn LP., and after a hearing on July 11, 2022 and having heard the arguments advanced by Defendant, Simona Ockley, and Lee M. Herman, Esquire, counsel for Plaintiff, and good cause appearing,

It is on this __15th__ day of July, 2022, hereby ORDERED and DECREED as follows:

1.      Plaintiff may immediately record the Deed to 416 South Ithan Avenue, Villanova, PA 19085 ("the Property") previously executed by Defendant.

2.      The title company shall disburse the proceeds it currently holds in the approximate amount of Four Hundred Ninety Thousand Dollars ($490,000.00) to Defendant.

3.      Defendant shall have unlimited and unfettered access to the Property at her own risk to remove her personal property until September 1, 2022. Any personal property remaining at the Property after September 1, 2022 shall be deemed abandoned and may be removed by Plaintiff as refuse.

BY THE COURT:

John J. Whelan, J.

Date: July 11, 2022

Copying Prohibited

Copying prohibited

## LEE M. HERMAN, ESQUIRE

Attorney At Law
280 N. PROVIDENCE ROAD, SUITE 4
Media, PA 19063
(610) 891-6500
Efax: (215) 689-1930

August 12, 2022

VIA HAND DELIVERY

Honorable Barry C. Dozor
Judge, Court of Common Pleas of Delaware County
Courthouse, 201 W. Front Street
Media, PA 19063

RE:    Rockwell Glenn, LP Vs. Simona Ockley
       CV-2022-004275

Dear Judge Dozor,

    I represent plaintiff, Rockwell Glenn, LP in the above-captioned matter. I am in receipt of the Court's Order dated August 9, 2022 in response to Defendant's emergency petition. As the docket confirms, Defendant never served her emergency petition upon me or my client; as such, plaintiff had no knowledge of the petition, and had no opportunity to respond to the allegations of the emergency petition or otherwise object to the court's consideration of the pro-se litigant's untimely reconsideration request.

    I write advise the court aware of the recent developments and to request an immediate hearing on this matter:

1. Pursuant to Judge John J. Whelan's July 15, 2022 Order, Plaintiff recorded the Deed and as such Defendant Simona Ockley no longer owns of the property.

2. Thereafter, Plaintiff transferred title to the property to its intended purchaser, Jeffrey Brydzinski, who now owns the property and who has contracted with Plaintiff to demolish the home and build a new residence at the property.

3. Without the consent of the Plaintiff or the current owner, Defendant moved into the property. She removed the locks installed by the Township, tore down the township's Notice of Condemnation and Notice of Violation (despite the warning that anyone removing the notices will be prosecuted). Defendant caused PECO to terminate service under Mr. Brydzinski's name and to begin service in her own name She has advised Plaintiff that she intends to reside at the property until at least September, 1, 2022.

4. Defendant refused entry to Plaintiff, to Mr. Brydzinski and to inspectors who were required to report to Radnor Township prior to the issuance of a demolition permit.

*[handwritten: NOT TRUE THEY MANY ... TO LODGINGS ... AT MY OWN SAFETY]*

As noted in Plaintiff's previously filed moving papers, Radnor Township condemned the home as unsafe for human habitation. We are concerned for Defendant's safety, as well as the ability to move forward with the planned demolition in early September 2022.

We respectfully request that the Court immediately schedule a hearing to confirm Defendant has no right or authority to move into or to occupy the condemned property, or to refuse access to the Plaintiff and/or the owner, and that Defendant's access is solely limited to recovery of any personal property. We further request that the Court vacate its Order and allow Plaintiff an opportunity to respond to Defendant's motion.

*[handwritten: THEY DELAY ... S CANNOT ... IN THIS HOUSE]*

Respectfully submitted,

Lee M. Herman

CC: Rockwell Glynn, J. Brydzinski, Kenneth Russell, Esquire (all vial email)
Simona Ockley via Priority First Class US Mail

Copying Prohibited

# LEE M. HERMAN, ESQUIRE

Attorney At Law
280 N. PROVIDENCE ROAD, SUITE 4
Media, PA 19063
(610) 891-6500
Efax: (215) 689-1930

August 22, 2022

VIA HAND DELIVERY

Honorable Barry C. Dozor
Judge, Court of Common Pleas of Delaware County
Courthouse, 201 W. Front Street
Media, PA 19063

Honorable John J. Whelan
Judge, Court of Common Pleas
Courthouse, 201 W. Front Street
Media, PA 19063

RE:  Rockwell Glenn, LP Vs. Simona Ockley
     CV-2022-004275

Dear Judges Dozor and Whelan,

*[handwritten: THEY DON'T WANT TO HAVE MY PERSONAL PROPERTY]*

I represent plaintiff, Rockwell Glenn, LP in the above-captioned matter and wish to update the Court on recent developments which may impact the ongoing efforts to allow Simona Ockley to remove her personal property from the Ithan Avenue property.

Since the filing of Defendant's Petition for Reconsideration of the Court's August 9, 2022 Order, Defendant Simona Ockley was arrested by Radnor Police for moving into the Ithan Avenue property in violation of the Township's Condemnation Order. Although bail was set at $1.00, there are three conditions for her release: (1) Ms. Ockley must provide an address for her to be go when she is released: (2) Ms. Ockley must undergo a competency exam and (3) Ms. Ockley must undergo a mental health evaluation. *[handwritten: WRONG] [handwritten: ?]*

To date, Ms. Ockley has not satisfied these conditions and remains incarcerated at George W. Hill Correctional Facility. The next court date in her criminal matter is scheduled for September 15, 2022 before District Magesterial Court Judge David Lang. A copy of the criminal case docket is attached for immediate reference.

*[handwritten: DOING EVERYTHING NOT TO BE →]*

As such, it is unlikely that Ms. Ockley will be able to remove her personal possessions by the September 1, 2022 deadline. With the consent of the new owner, Jeffrey Brydzinski, my client intends to rent PODS (a temporary storage container) on Ms. Ockley's behalf and to move the contents of the house into these containers. The containers will remain on the property for a period of time. *[handwritten: WRONG]*

*[handwritten: → ABLE TO REMOVE MY PROPERTY IN TIME]*

Copying Prohibited

---

I am sending a copy of this correspondence to Ms. Ockley at the George W. Hill Correctional Facility, along with previous correspondence sent to her at the Ithan Avenue address which were returned by postal authorities.

We renew Plaintiff's request that the Court immediately schedule a hearing and confirm that (1) Defendant has no right or authority to move into or to occupy the condemned property; (2) Defendant may not prevent access to the Plaintiff and/or the owner to the condemned property; (3) Defendant's access is solely limited to recovery of any personal property; (4) Plaintiff may move Defendant's personal property into secure containers at Defendant's cost, which shall remain on the property for a period of time; and (5) the home may be demolished after September 1, 2022.

Respectfully submitted,

Lee M. Herman

CC:    Rockwell Glynn, J. Brydzinski, Kenneth Russell, Esquire (all vial email)
Simona Ockley c/o George W. Hill Correctional Facility via Priority First Class US Mail

Copying Prohibited

# Magisterial District Judge 32-1-27

# Criminal Docket



Commonwealth of Pennsylvania
v.
Simona Ockley

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | David H. Lang | Issue Date: | 08/13/2022 |
| OTN: | R 337845-4 | File Date: | 08/13/2022 |
| Arresting Agency: | Radnor Township Police Dept | Arrest Date: | 08/13/2022 |
| Complaint No.: | RT 22 10846 | Incident No.: | RT 22 10846 |
| Disposition: | | Disposition Date: | |
| County: | Delaware | Township: | Marple Township |
| Case Status: | Active | | |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Active | 08/13/2022 | Awaiting Preliminary Hearing |
| | 08/13/2022 | Awaiting Preliminary Arraignment |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Arraignment | 08/13/2022 | 6:00 pm | | Elysia Mancini Duerr | Scheduled |
| Preliminary Hearing | 08/25/2022 | 8:30 am | | David H. Lang | Continued |
| Preliminary Hearing | 09/15/2022 | 8:30 am | | David H. Lang | Scheduled |

## CONFINEMENT

| Confinement Location | Confinement Type | Confinement Reason | Confinement Date | Confinement End Date |
|---|---|---|---|---|
| **Case Confinement** | | | | |
| Delaware County Prison | County Jail | Unable to Post Bail | 08/13/2022 | |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Ockley, Simona | Sex: | |
| Date of Birth: | | Race: | |
| Address(es): | | | |

| | |
|---|---|
| Advised of His Right to Apply for Assignment of Counsel? | No |
| Public Defender Requested by the Defendant? | No |
| Application Provided for Appointment of Public Defender? | No |
| Has the Defendant Been Fingerprinted? | No |

MDJS 1200

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## DOCKET

# Criminal Docket

Commonwealth of Pennsylvania
v.
Simona Ockley



## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Brown, Brian J. |
| Defendant | Ockley, Simona |

## BAIL

**Bail Set:**      **Nebbia Status:** None

| Bail Action Type | Bail Action Date | Bail Type | Percentage | Amount |
|---|---|---|---|---|
| Set | 08/13/2022 | Nominal | | $1.00 |
| Change Non-Monetary Condition | 08/13/2022 | Nominal | | $1.00 |

    *Bail Action Reason:* change a condition

## CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 3503 §§ A1I | | Crim Tres-Enter Structure | 08/13/2022 | |
| 2 18 § 3502 §§ A4 | | Burglary - Not Adapted for Overnight Accommodation, No Person Present | 08/13/2022 | |
| 3 18 § 3503 §§ B1I | | Def Tres Actual Communication To | 08/13/2022 | |
| 4 18 § 3304 §§ A1 | | Crim Misch/Dmg Prop Intent, Reckless, Or Neglig | 08/13/2022 | |

## DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 08/13/2022 | Commitment Printed - Unable to Post Bail | Magisterial District Court 32-1-27 | Simona Ockley, Defendant |
| 08/13/2022 | Criminal Complaint Filed | Magisterial District Court 32-1-27 | |

*Copying Prohibited*

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



| Ockley, Simona | DOB: | Sex:<br>Eyes:<br>Hair:<br>Race: |
|---|---|---|

**Court: MDJ-32-1-27**

**Active**

**MJ-32127-CR-0000178-2022**

| | | |
|---|---|---|
| Arrest Date: 08/13/2022 | Processing Status: Awaiting Preliminary Hearing | OTN: R 337845-4 |
| Last Action: Preliminary Arraignment | | Disp. Event Date: |
| Next Action: Preliminary Hearing | | Last Action Date: 08/13/2022 |
| Bail Type: Nominal | Bail Amount: $1.00 | Next Action Date: 08/25/2022<br>Bail Status: Set |

| Statute | Grade | Description | Disposition | Counts |
|---|---|---|---|---|
| 18 § 3304 §§ A1 | | Crim Misch/Dmg Prop Intent, Reckless, Or Neglig | | 1 |
| 18 § 3502 §§ A4 | | Burglary - Not Adapted for Overnight Accommodation, No Person Present | | 1 |
| 18 § 3503 §§ A1I | | Crim Tres-Enter Structure | | 1 |
| 18 § 3503 §§ B1I | | Def Tres Actual Communication To | | 1 |

REMOVE ALL THIS CHARGES FROM MY RECORD

Copying Prohibited

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these reports. Court summary report information should not be used in place of a criminal history background check , which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Magisterial District Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date disposition information is for the offense.

LEE M. HERMAN, ESQUIRE
Attorney for Plaintiff
Attorney I.D. No. 27570
280 N. Providence Road, Suite 4
Media, Pennsylvania 19063
(610) 891-6500
Fax (215) 689-1930
lmh@lmhlaw.com

| | |
|---|---|
| ROCKWELL GLYNN, L.P. | : Court of Common Pleas |
| 123 E. State Street | : Delaware County, PA |
| Media, PA 19063 | : |
| Plaintiff | : No. CV-2022-004275 |
| | : |
| vs. | : |
| | : |
| SIMONA OCKLEY | : |
| 416 South Ithan Road | : |
| Villanova, PA 19085 | : |
| Defendant | : |

Copying Prohibited

## MOTION FOR RECONSIDERATION OF PLAINTIFF ROCKWELL GLYNN, L.P.

COMES NOW Plaintiff, Rockwell Glynn, L.P. ("Movant"), by and through counsel, Lee M.

Herman, Esquire, who seeks Reconsideration of the August 8, 2022 Order of Honorable Barry C. Dozor

entered in the above captioned matters, and in support thereof, states as follow:

4.     On July 11, 2022, Hon. John J. Whelan held a hearing on Plaintiff's Complaint and

Petition for Special Injunction, at which time both the Plaintiff and Defendant testified on the record.

5.     On July 15, 2022, Hon. John J. Whelan entered an Order as set forth in Exhibit "A"

which stated *inter alia* "Defendant shall have unlimited and unfettered access to the Property at her own

risk *to remove her property* until September 1, 2022" (emphasis added).

6.     The July 15, 2022 Order was entered on the docket on July 27, 2022.

7.     On August 9, 2022, Defendant filed a handwritten "Emergency Motion for

Reconsideration" as is set forth in Exhibit "B".

8.     Defendant never served her "Emergency Motion for Reconsideration" upon Movant or

Movant's Counsel.

9. On August 9, 2022, the same day that Defendant's "Emergency Motion for Reconsideration" was filed, Hon. Barry C. Dozor entered an Order as is set forth in Exhibit "C".

10. Prior to the entry of Judge Dozor's Order, neither Movant nor Movant's counsel had an opportunity to review the Emergency Motion or to file opposition to Defendant's Emergency Motion for Reconsideration, as no notice had been provided to Movant.

11. Had Movant had an opportunity to address Defendant's Emergency Motion for Reconsideration, it would have opposed the Emergency Motion for the following reasons:

    a. Defendant's Emergency Motion for Reconsideration was untimely, even using the July 27, 2022 as the date the July 15, 2022 Order was docketed. Any reconsideration was required to be within ten (10) days, which –at the latest-- expired August 8, 2022.

    b. Movant no longer owns the Property, having recorded the Deed as permitted by Judge Whelan's July 15, 2022, and thereafter conveyed the Property to Movant's buyer, Jeffrey Brydzinski ("Brydzinski"), who is not a party to the current litigation.

    c. Defendant Simona Ockley removed locks installed by Radnor Township and broke into the Property with the intention of moving into the Property as verbally expressed to both Movant and Brydzinski.

    d. The Property remains condemned by Radnor Township as unsafe for human habitation; as such, Defendant's intention to occupy the Property without the consent of either Plaintiff or the current owner is unsafe.

    e. In breaking into the property, Defendant removed two signs posted by Radnor Township, a "Notice of Condemnation" and a "Notice of Violation". Each sign contained a warning that anyone removing such notices would be subject to prosecution.

    f. Movant and Brydzinski remain committed to allowing Defendant access to the Property for the sole purpose of removing her personal property. Brydzinski does not consent to allowing Defendant to move into and to live inside the Property.

12. The interior conditions of 416 S. Ithan Avenue are set forth in the attached photographs taken previously. After these pictures were taken, the conditions worsened, as the kitchen floor failed.

13. Neither Plaintiff nor Brydzinski have access to the interior of the property, as the Radnor Police have locked the property from the inside and neither Plaintiff nor Brydzinski have been provided keys.

Copying Prohibited

14.     In connection with the recording of the Deed as permitted by the July 15, 2022 Order, the proceeds of the sale in excess of $400,000.00 has been forwarded to Defendant, c/o her attorney, Kenneth C. Russell, Esquire.  As such, there is no financial need for Defendant to occupy her former residence.

*APPROVE MY SO ORDERED*

WHEREFORE, Movant Rockwell Glynn LP, respectfully requests that the Court enter an Order:

a.   Granting Movant's Motion for Reconsideration;

b.   Vacating the August 9, 2022 Order until further Order of Court

c.   Amending the July 15, 2022 Order and including the following language:

    i.   Defendant's access to 416 S. Ithan Avenue is limited to entry for the sole purpose of removing her personal property;

    ii.   Defendant may not move into, or otherwise remain at 416 S. Ithan Avenue, for any reason other than removal of personal property;

*) DO NOT NEED ANY SUPERVISION*

    iii.   In order to properly protect Defendant from the dangers at 416 S. Ithan Avenue, her access shall be subject to the supervision of Radnor Township and the Radnor Township Police Department.

d.   Granting such other relief as is equitable under the circumstances.

Respectfully submitted,

**LEE M. HERMAN, ESQUIRE**

**s/ Lee M. Herman**
Lee M. Herman, Esquire
Attorney for Movant,
Rockwell Glynn, L.P.

August 15, 2022

VERIFICATION

Lee M Herman, Esq., being the attorney for the movant, Rockwell Glynn LP, states that the facts

set forth in the attached within petition for reconsideration are true and correct to the best of his knowledge.

NOT TRUE

s/ Lee M. Herman
Lee M. Herman

Date: August 15, 2022

Copying Prohibited

| | | |
|---|---|---|
| ROCKWELL GLYNN, L.P. | : | Court of Common Pleas |
| 123 E. State Street | : | Delaware County, PA |
| Media, PA 19063 | : | |
|       Plaintiff | : | No. CV-2022-004275 |
| vs. | : | |
| | : | |
| SIMONA OCKLEY | : | |
| 416 South Ithan Road | : | |
| Villanova, PA 19085 | : | |
|       Defendant | : | |

Copying Prohibited

## <u>ORDER AMENDING JULY 15, 2022 AND AUGUST 9, 2022 ORDERS</u>

Upon consideration of the Plaintiff's Motion for Reconsideration of our August 9, 2022

Order, and good cause appearing, **IT IS ORDERED** as follows:

The Court's July 15, 2022 and August 9, 2022 Orders are amended to clarify that:

1. Defendant's access to 416 S. Ithan Avenue is limited to entry for the sole purpose of removing her personal property;

2. Defendant may not move into, or otherwise remain at 416 S. Ithan Avenue, for any reason other than removal of personal property;

3. In order to properly protect Defendant from the dangers at 416 S. Ithan Avenue, her access shall be subject to the supervision of Radnor Township and the Radnor Township Police Department.

WHY?
CIVIL CASE?

                                    **BY THE COURT:**

                                    _____

                                                  **J.**

## IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| ROCKWELL GLYNN, L.P. | : | Court of Common Pleas |
| 123 E. State Street | : | Delaware County, PA |
| Media, PA 19063 | : | |
| Plaintiff | : | No. CV-2022- |
| | : | |
| vs. | : | |
| | : | |
| SIMONA OCKLEY | : | |
| 416 South Ithan Road | : | |
| Villanova, PA 19085 | : | |
| Defendant | : | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION

AND NOW, this _____ day of August 2022, upon consideration of Plaintiff's Motion for Reconsideration, and the accompanying papers in support thereof it is hereby ORDERED and DECREED that Plaintiff's Motion for Reconsideration is GRANTED and the Court's Order of August 9, 2022 is VACATED pending further order of Court.

A further hearing is scheduled for _____, 2022 at _____ a/p.m in Courtroom _____, Delaware County Courthouse

**BY THE COURT:**

_____

**J.**

Copying Prohibited