# Exhibit 59

*Officer Cocco's Responses to Plaintiff's Requests for Admission*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONA OCKLEY | : | |
| | : | CIVIL ACTON |
| Plaintiff, | : | |
| vs. | : | No. 2:24-cv-04070 |
| | : | |
| TOWNSHIP OF RADNOR, JENNIFER | : | |
| COCCO, JOSEPH PINTO, BRADY MCHALE, | : | |
| BRIAN BROWN, JEFFREY BRYDZINSKI, | : | |
| TYLER PRETE and ROCKWELL-GLYNN, LP | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## RESPONSES OF DEFENDANT, JENNIFER COCCO, TO PLAINTIFF'S REQUESTS FOR ADMISSION

Defendant, Jennifer Cocco, by and through her undersigned counsel, Marshall Dennehey, P.C., hereby responds to Plaintiff's Requests for Admissions Addressed to Defendant Jennifer Cocco, and avers as follows:

## GENERAL OBJECTIONS

1. **Attorney-client/work product privileges.** Defendant objects to Plaintiff's written discovery requests to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, work product doctrine, the required reports privilege, the trade secrets privilege, the accountant-client privilege, the joint defense doctrine, the peer review privilege, the self-critical analysis privilege or any recognized privilege under the Federal and/or Pennsylvania laws.

2. **Third-party privacy rights**. Defendant objects to Plaintiff's written discovery requests to the extent they seek information and/or documents that would violate any constitutional, statutory, or common law privacy interest or privilege of any current or former employee, representative or agent.

3. **Relevance.** Defendant objects to Plaintiff's written discovery requests to the extent they seek information and/or documents that are neither relevant in that there is no legal nexus between the requested information and/or documents and the issues and controversies between Plaintiff and Defendants alleged with particularity in the pleadings, nor likely to lead to the discovery of admissible evidence.

4. **Undue Burden.** Defendant objects to Plaintiff's written discovery requests to the extent that they are unduly burdensome, disproportionate and oppressive in that the burden and expense to Defendant in locating and producing such information and/or documents outweighs its likely benefit, especially with respect to such information and/or documents which may be as readily obtained by Plaintiff from other sources or from documents already disclosed to Plaintiff.

5. **Scope.** Defendant objects to Plaintiff's written discovery requests to the extent they are overly broad and seek information and/or documents without proper limit to their subject matter or time period.

6. **Ambiguity and Vagueness.** Defendant objects to Plaintiff's written discovery requests to the extent they are vague and ambiguous, and thus likely to lead to confusing, misleading, inaccurate, or incomplete responses.

7. **Confidentiality**. Defendant objects to Plaintiff's written discovery requests to the extent that they seek confidential documents or information, particularly without the existence of a confidentiality agreement and order.

8. **Ultimate Issue and Pure Legal Conclusions.** Defendant objects to Plaintiff's written discovery requests to the extent that they seek admissions as to an ultimate issue in the case and/or where any admission or denial would be a pure conclusion of law.

9. **Inconsistencies with Federal Rules of Civil Procedure**. Defendant objects to Plaintiff's instructions and/or definitions to the extent that they are inconsistent with the Federal Rules of Civil Procedure, or to the extent that they impose obligations on Defendant greater than those provided by the applicable rules.

The responses set forth herein are based upon such information and documents as are presently known and specifically available to Defendant. Further, by responding to a particular Interrogatory, Defendant neither admits nor waives the right to dispute or challenge Plaintiff's characterization of the facts contained in such Responses.

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1:** Admit that you engaged in conversation with a delegate or delegates on August 12, 2022.

__X__ **Admit**          ____ Deny

If your response is a denial, please explain.

**REQUEST NO. 2:** Admit that, prior to any independent examination of Plaintiff by delegates, you expressed to the delegates your opinion that Simona Ockley was "delusional".

\_\_\_\_ Admit          **   X   Deny**

If your response is a denial, please explain.

**Answering Defendant does not recall expressing to the delegates any opinion that Simona Ockley was "delusional" prior to any independent examination of Plaintiff by delegates.**

**REQUEST NO. 3:** Admit that prior to any independent medical examination of Plaintiff by delegates, you told delegates that Simona Ockley claimed she was the "owner" of the PREMISES.

**   X   Admit**          \_\_\_\_ Deny

If your response is a denial, please explain.

**REQUEST NO. 4:** Admit that you did not witness delegates engage in any conversation, communication or verbal exchange with Simona Ockley on August 12, 2022 prior to her transport to Crozer Chester Hospital.

\_\_\_\_ Admit          **   X   Deny**

If your response is a denial, please explain.

**Answering Defendant does not specifically recall witnessing delegates engage in any conversation, communication, or verbal exchange with Simona Ockley on August 12, 2022, prior to her transport to Crozer Chester Hospital.**

**REQUEST NO. 5:** Admit that on or before August 13, 2022 you had knowledge of the contents of an Order issued by Judge J. Whelan of the Delaware County Court of Common Pleas issued at a hearing on issued at a hearing on July 11, 2022 and dated in writing on July 15, 2022 permitting Plaintiff "unfettered access" to the PREMISES until September 1, 2022.[1]

____ Admit  **__X__ Deny**

If your response is a denial, please explain.

**Answering Defendant did not have knowledge of the contents of an order issued by Judge John J. Whelan of the Delaware County Court of Common Pleas, dated July 15, 2022, permitting Plaintiff "unfettered access" to the premises until September 1, 2022, on or before August 13, 2022.**

**REQUEST NO. 6:** Admit that on or before August 13, 2022 you had knowledge of the contents of an Order issued by Judge Barry Dozer of the Delaware County Court of Common Pleas dated August 9, 2022 permitting Plaintiff "unfettered access" to the PREMISES until September 1, 2022.[2]

____ Admit  **__X__ Deny**

If your response is a denial, please explain.

**Answering Defendant did not have knowledge of the contents of an order issued by Judge Barry Dozer of the Delaware County Court of Common Pleas, dated August 9, 2022, permitting Plaintiff "unfettered access" to the premises until September 1, 2022, on or before August 13, 2022.**

**REQUEST NO. 7:** Admit that on or before August 12, 2022 you made no attempt to contact Judge John J. Whelan or any member of his judicial staff regarding the contents of the Order issued at a hearing on July 11, 2022 and dated July 15, 2022 regarding Simona Ockley.

---

[1] A true and correct copy of the Order in question is attached hereto as Exhibit "A".
[2] A true and correct copy of the Order in question is attached hereto as Exhibit "B".

___X___ **Admit**      ____ Deny

If your response is a denial, please explain.

**REQUEST NO. 8:** Admit that on or before August 13, 2022 you made no attempt to contact Judge Barry C. Dozer or any member of his judicial staff regarding the contents of the Order issued by him on August 9, 2022 regarding Simona Ockley.

___X___ **Admit**      ____ Deny

If your response is a denial, please explain.

**REQUEST NO. 9:** Admit that at no time you encountered Plaintiff on August 12, 2022 that she engaged in any activity suggesting that she was going to commit suicide or heard any words spoken by Plaintiff that expressly or impliedly wished to commit suicide.

___X___ **Admit**      ____ Deny

If your response is a denial, please explain.

**REQUEST NO. 10:** Admit that at no time you spoke with or heard or overhead any words spoken by Plaintiff on August 12, 2022 that she wished to hurt herself or that she wished to hurt any third person or person.

___X___ **Admit**      ____ Deny

If your response is a denial, please explain.

**REQUEST NO. 11:** Admit that at no time you saw or spoke with Simona Ockley on August 12, 2022 she displayed no physical appearance of wounds on her body.

\_\_\_\_ Admit        **X** Deny

If your response is a denial, please explain.

**Answering Defendant recalls that Plaintiff was wearing a hospital gown, which was visibly soiled with her own feces. Plaintiff had an ace bandage wrapped around her leg, and there were apparent body fluids on her gown. Furthermore, Plaintiff was utilizing a walker.**

 

MARSHALL DENNEHEY, P.C.

BY: _____
JOHN P. GONZALES, ESQ.
D. CONNOR WARNER, ESQ.
Attorney ID No. 71265 / 332427
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 / (215) 575-2588
Email:  jpgonzales@mdwcg.com /
dcwarner@mdwcg.com

Date: April 2, 2025

*Attorneys for Defendants,*
*Township of Radnor, Jennifer Cocco,*
*Joseph Pinto, Brady McHale and Brian Brown*

## VERIFICATION

I, Officer Jennifer Cocco, verify that the foregoing Responses of Defendant, Jennifer Cocco, to Plaintiff's Requests for Admissions Directed are true and correct to the best of my information, knowledge, and belief. I understand that any false statement therein is made subject to the penalties of 28 U.S.C. § 1746, relating to unsworn falsification to authorities.

Date: 3/28/2025

BY: _____
Officer Jennifer Cocco

# CERTIFICATE OF SERVICE

I, JOHN P. GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendant, Officer Jennifer Cocco's Responses to Plaintiff's Requests for Admissions was sent to all parties at the below addresses via email on the below date:

Neil E. Botel, Esquire / Gerard K. Schrom, Esquire
4 West Front St.
Media, PA 19063
Phone: (215) 796-4000
E-mail: nbotel@schromandshaffer.com / gschrom@schromandshaffer.com
*Attorneys for Plaintiff,*
*Simona Ockley*

Todd R. Bartos, Esquire
1622 Spruce St.
Philadelphia, PA 19103
Phone: (267) 546-0617
tb@sprucelaw.com
*Attorney for Defendants, Rockwell Glynn LP, Tyler Prete, and Jeffrey Brydzinski*

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email: jpgonzales@mdwcg.com
*Attorney for Defendants,*
*Township of Radnor, Jennifer Cocco,*
*Joseph Pinto, Brady McHale and Brian Brown*

Date: April 2, 2025