# IN THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SIMONA OCKLEY )
       Plaintiff, )
  vs. ) **CIV. NO.: 2:24-cv-04070**
       )
TOWNSHIP OF RADNOR, PENNSYLVANIA )
  ET AL. )
       )
       Defendants. )
       )

## ORDER

   AND NOW, this _____ day of _____, 2025, upon consideration of Plaintiff,

Simona Ockley's Motion To File Addendum to Plaintiff's main brief in opposition to Radnor

Township, Police Officers Joseph Pinto, Jennifer Cocco, Brady McHale's, Motion for Summary

Judgment, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED.  The

attached Addendum may be filed within five (5) days of the date of the entry of the instant Order.

         BY THE COURT,


         _____

         GAIL A. WEILHEIMER, J.

**IN THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SIMONA OCKLEY )<br> Plaintiff, )<br> vs. )<br> )<br>TOWNSHIP OF RADNOR, PENNSYLVANIA )<br> ET AL. )<br> )<br> Defendants. )<br> ) | **CIV. NO.: 2:24-cv-04070** |

### MOTION TO FILE ADDENDUM TO PLAINTIFF'S BRIEF

Plaintiff, Simona Ockley, by and through the undersigned counsel files attached Motion to File Addendum to her brief and avers as follows:

1. Plaintiff filed a timely brief in opposition to Radnor Township Radnor Township, Police Officers Joseph Pinto, Jennifer Cocco, Brady McHale's Motion to Dismiss Plaintiff's claims.

2. Shortly after filing, Plaintiff's attorney discovered that certain case law was inadvertently excluded from the submitted filing. No new theories or evidence are being referenced.

3. Plaintiff seeks to file as an addendum of 3 pages to her brief attached hereto as Exhibit "A".

WHEREFORE, Plaintiff prays this Honorable Court GRANT Plaintiff's petition to file of record the attached addendum to her above referenced brief as of record.

**SCHROM, SHAFFER & BOTEL, P.C.**

BY: */s/ Gerard K. Schrom*

Gerard K. Schrom, Esquire
Attorney I.D. No: 39282
Neil E. Botel, Esquire
Attorney I.D. No: 84953
4 West Front Street
Media, PA 19063
Phone: (610) 565-5050
Fax:     (610) 565-2980
Email: gschrom@schromandhaffer.com
           nbotel@schromandshaffer.com

**Date:  August 5, 2025**                    *Attorney for Plaintiff Simona Ockley*

**IN THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SIMONA OCKLEY ) | |
|                  Plaintiff, ) | |
| vs. ) | **CIV. NO.: 2:24-cv-04070** |
| ) | |
| TOWNSHIP OF RADNOR, PENNSYLVANIA, ) | |
|      ET AL. ) | |
| ) | |
|                 Defendants. ) | |
| ) | |

## <u>CERTIFICATE OF SERVICE</u>

I, Gerard K. Schrom, Esquire, do hereby certify that a true and correct copy of the foregoing Motion to file Addendum to brief in opposition to Defendants', Radnor Township, Jennifer Cocco, Brian Brown, Joseph Pinto and Brady McHale's, Motion for Summary Judgment has been served by email and electronic filing upon all counsel of record on the date below as follows:

| | |
|---|---|
| John Gonzales, Esquire | Todd R. Bartos, Esquire |
| JPGonzales@MDWCG.com | tb@sprucelaw.com |
| Marshall Dennehey | Spruce Law |
| 2000 Market Street, Suite 2300 | 1622 Spruce Street |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

**SCHROM, SHAFFER & BOTEL, P.C.**

BY:  */s/ Gerard K. Schrom*
        Gerard K. Schrom, Esquire
        Attorney I.D. No: 39282
        Neil E. Botel, Esquire
        Attorney I.D. No: 84953
        4 West Front Street
        Media, PA 19063
        Phone: (610) 565-5050
        Fax:    (610) 565-2980
        Email: gschrom@schromandhaffer.com
               nbotel@schromandshaffer.com
        *Attorney for Plaintiff Simona Ockley*

**Date:  <u>August 5, 2025</u>**

EXHIBIT "A"

**IN THE UNITED STATES COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SIMONA OCKLEY ) | |
|         Plaintiff, ) | |
|      vs. ) | **CIV. NO.: 2-24-CV-0470-GW** |
| ) | |
| ) | |
| RADNOR TOWNSHIP, et al. ) | **JURY OF 12 DEMANDED** |
| ) | |
|        Defendants. ) | |
| ) | |

**SUPPLEMENTARY ANSWER IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY RADNOR TOWNSHIP AND RADNOR POLICE DEFENDANTS, JOSEPH PINTO, JENNIFER COCCO, BRADY MCHALE AND BRIAN BROWN**

Plaintiff, Simona Ockley, by and through her undersigned counsel, moves to submit the Supplemental Answer to her Motion in Opposition to Defendants', Radnor Township, Joseph Pinto, Jennifer Cocco, Brady McHale and Brian Brown's, Motion for Summary Judgment and in support thereof avers as follows:

When viewing the defense of Qualified Immunity the Federal Courts have ACTED consistently. When the issue involves split-second decisions and the use of force the courts lean toward granting the qualified immunity defense for the officer or government worker. However, when the issue involves decisions made over time without emergency situations <u>and</u> include the withholding of exculpatory evidence and injecting of untruths especially as it is relates to the creation of Affidavits of Probable Cause, then the courts have almost universally found against the granting of Qualified Immunity. Contrary to Defendants' assertions, the circumstances previously plead in Plaintiff's Opposition serve to show that there were no exigent circumstances surrounding Plaintiff's detention on August 12, 2022 and her arrest on August 13, 2022.

There are three cases that demonstrate specific reasons for the denial of a grant of Qualified Immunity. They are all applicable to the present matter which demands the same denial.

1

*Dennis v.. City of Philadelphia*,  19 F.4th 279  a 2021 "precedential" decision of the US Court of Appeals Third Circuit states that where "[*d]etectives withheld exculpatory*... *evidence that would have supported [a] ...defense...the detectives knowingly deceived the court and [as a consequence] the motion to dismiss on qualified immunity grounds... is denied*." Id. at 291.  In the case at bar the police deliberately and in bad faith withheld the two court orders from their affidavit of probable cause. The orders  allowed her to "*unlimited and unfettered*" access to the property until September 1, 2022 .

A very similar fact-pattern.emerges in the case of *Desmond Green v. Jacquelyn  Thomas* 129 F.4th 877 (5th Cir. 2025) a Fifth Circuit Court of  Appeals quoted the Fourth Amendment commenting:

> *The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated and no warrants shall issue but upon probable cause supported by Oath or affirmation and particularly describing the palace to be searched and the persons or things to be seized. . . .*
> *It is hard to imagine a right more clearly established.*

Id. 129 F.4th at 884.  It is certainly well established law that. *"An officer cannot avail himself of a qualified immunity defense if he   ...deliberately conceals exculpatory evidence for such activity violates clearly established constitutional principles..."*  Id. at 885.  In the case at bar, the officer withheld the two court orders in the creation of the Affidavit of Probable Cause. In fact the police mocked Ockley for her continued vocal pleas of "*I have two court orders*" …telling her "*I am not looking at any court orders.*" (See body cam footage of Officer Cocco on August 13,2022).A reasonable officer would have looked at the Orders as police are charged with following court orders..

The court  in *Rainsberger v. Benner*, 913 F.3d 640, a Seventh Circuit US Court of Appeals decision is  strong on the same issue. In this case:

2

[Officer] *Benner submitted a probable cause affidavit that was riddled with lies and undercut by the omission of exculpatory evidence. Based on that affidavit [Plaintiff] Rainsberger was arrested, charged and imprisoned for two months.*

Id.  913 F.3d 640,  642 (7th Cir. 2019).  The court goes on:

> *An officer <u>violates the Fourth Amendment if he intentionally or recklessly includes false statements in a warrant application</u> and those false statements were material to a finding of probable cause. Hart v. Mannina. <u>An officer similarly violated the Fourth Amendment if he intentionally or recklessly withholds material information from a probable cause affidavit</u>. An affidavit that misleads by lies or omission undercuts the magistrate's ability to make an independent probable cause determination.*

Id. 913 F.3d at 647;  (Emphasis added) (citations omitted).  In the instant matter, the affidavit of probable cause states that Ockley "*could remove personal items from the residence <u>only</u> with the permission from the new property owner and <u>only</u> until 4:00.'* None of that is true. The court order has not such limitations in fact it says clearly she has "<u>unlimited and unfettered</u>"access to remove her property…" (Exhibit 9) No time limits, No permissions required.

The Ockley Affidavit Of Probable Cause states: *she was advised several times that she* "*has no right to the property.*" (Exhibit 21).  .Again wrong. The court goes on… *"An officer who swears that presented facts support probable cause when he knows that suppressed facts destroy it does not act truthfully"* Rainsberger supra. 913 F.3d at 652.  Radnor police did not act truthfully. They took away the tools needed by the court to assess probable cause. The Rainsberger court concluded that qualified immunity " *does not extend where judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth.*" Id.  Qualified immunity was denied Officer Benner. Qualified immunity should be denied Radnor Police.

> *An officer sued for failing to include materially exculpatory facts in a probable causes affidavit…violated clearly established law to intentionally or recklessly withhold material information…We have repeatedly held therefore that an officer violated the Fourth Amendment by omission only if would have been clear to a reasonable officer that the omitted fact was material to the probable cause determination.*

Id.  Clearly the two court orders are specific and material and were withheld from the Magistrate Judge when the Affidavit was presented to him seeking Criminal Complaint.  A reasonable officer would have known that the omitted court orders and truthfull information were material to the probable cause determination. Defendant, Radnor Township and its defendant police officer  do not merit the defense of Qualified Immunity.

Simply put---- justice demands truth and when that is missing so is the grant of qualified immunity.

WHEREFORE Plaintiff respectfully requests that this Honorable Court DENY Radnor Township Radnor Township, Joseph Pinto, Jennifer Cocco, Brady McHale and Brian Brown's, Motion for Summary Judgment

**SCHROM, SHAFFER & BOTEL, P.C.**

BY:  */s/ Gerard K. Schrom*

Gerard K. Schrom, Esquire
Attorney I.D. No: 39282
Neil E. Botel, Esquire
Attorney I.D. No: 84953
4 West Front Street
Media, PA 19063
Phone: (610) 565-5050
Fax:    (610) 565-2980
Email: gschrom@schromandhaffer.com
          nbotel@schromandshaffer.com
*Attorney for Plaintiff Simona Ockley*

**Date:  August 5, 2025**

4