IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SIMONA OCKLEY | : | |
| | : | CIVIL ACTON |
| *Plaintiff,* | : | |
| vs. | : | No.  2:24-cv-04070 |
| | : | |
| TOWNSHIP OF RADNOR, JENNIFER COCCO, JOSEPH PINTO, BRADY MCHALE, BRIAN BROWN, JEFFREY BRYDZINSKI, TYLER PRETE and ROCKWELL-GLYNN, LP | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| *Defendants.* | : | |

**DEFENDANTS TOWNSHIP OF RADNOR, OFFICER JENNIFER COCCO, LIEUTENANT JOSEPH PINTO, SERGEANT BRADY MCHALE, AND OFFICER BRIAN BROWN'S REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

**I.    The Individual Defendant Officers Cannot Be Held Liable for Wrongful Commitment Based on Their Reliance Upon a Lawfully Obtained Warrant.**

Plaintiff's opposition contends that Defendants Cocco, Pinto, and McHale are liable for wrongful commitment, alleging they displayed "conscious indifference" by providing false information to the Delaware County Mobile Crisis Team, leading to a 302 warrant. This argument fails, as the undisputed facts demonstrate Defendants relied on a lawfully obtained warrant, supported by probable cause under the MHPA, and no clearly established law prohibits their conduct, entitling them to qualified immunity.

**A.    The 302 Commitment Was Lawful and Supported by Probable Cause.**

Under the MHPA, 50 P.S. § 7302(a), a warrant for involuntary emergency examination requires reasonable grounds to believe a person is severely mentally disabled and in need of immediate treatment, posing a threat to their own welfare or that of others. *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); *Addington v. Texas*, 441 U.S. 418, 425 (1979). The MHPA grants immunity from civil liability for good-faith actions, absent willful misconduct or gross

negligence, defined as "facts indicating more egregiously deviant conduct than ordinary carelessness, inadvertence, laxity or indifference" or "conscious indifference to the perpetration of the wrong." 50 P.S. § 7114(a); <u>Doby v. DeCrescenzo</u>, 171 F.3d 858, 875 (3d Cir. 1999) (<u>quoting</u> <u>Krivijanski v. Union R.R. Co.</u>, 357 Pa. Super. 196, 515 A.2d 933, 937 (1986)).

On August 12, 2022, Defendants responded to a report from Co-Defendant Brydzinski about Plaintiff's unauthorized presence in the condemned Property, observing Plaintiff in life-threatening conditions: wearing a soiled hospital gown on a feces-stained couch, in extreme heat over 100°F, a hole in the kitchen floor, no running water, and a sewage stench (AJSUF ¶¶ 60, 60.1, 62, 114). These conditions, coupled with Plaintiff's attempts to restore utilities and reside in the property despite its condemnation on April 26, 2022 (AJSUF ¶¶ 22, 56, 61, 95), provided probable cause under the MHPA that Plaintiff was unable to care for herself. <u>See</u> <u>Lear v. Borough of Brentwood</u>, No. Civ.A. 02-1747, 2006 U.S. Dist. LEXIS 6882, at *6 (W.D. Pa. Feb. 23, 2006). In accordance with his training, Defendant Pinto contacted the Delaware County Mobile Crisis Team, which dispatched Lisa Blake, BA, and Courtney Stott, MA, to assess Plaintiff (AJSUF ¶ 64). The team independently assessed Plaintiff's inability to care for herself and "delusional" belief in owning the property, approving the 302 petition (AJSUF ¶¶ 65-66). Emergency responders transport Plaintiff via ambulance to Crozer Hospital, accommodating her mobility issues due to recent leg surgery (AJSUF ¶¶ 43, 67). The delegates' independent assessment, based on direct observations, negates Plaintiff's claim of "misrepresentations" by Defendants (AJSUF ¶¶ 65-66). <u>See</u> <u>Doby</u>, 171 F.3d at 874 (subsequent hospital discharge does not negate initial probable cause based on reasonable observations).

Plaintiff's claim that Defendants ignored her court orders is contradicted by the record. Defendant Cocco acknowledged Plaintiff's reference to a court order but testified she was unaware of the August 9 order before the 302 evaluation and believed Plaintiff's actions

2

constituted residency, not removal of belongings (AJSUF ¶¶ 97, 112-113). Defendant McHale similarly denied knowledge of the orders' contents before August 13, 2022 (AJSUF ¶¶ 108-109). Defendant Pinto testified he knew of access rights but understood them as limited to retrieving items, not residency, based on the condemnation and Plaintiff's living conditions (AJSUF ¶¶ 60.1, 98). The Crisis Team's independent findings further insulate Defendants from liability, as the Radnor Defendants relied on the delegates' professional judgment. See *Doby*, 171 F.3d at 875. No evidence supports willful misconduct or gross negligence, as Defendants acted in good faith to protect Plaintiff's safety, consistent with their training and Co-Defendant Brydzinski's concerns (AJSUF ¶¶ 99, 101, 103). See *In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021) (no genuine dispute where evidence supports reasonable belief).

### B. Qualified Immunity Bars Liability.

Qualified immunity shields officers unless their conduct violated a clearly established constitutional right, defined with specificity, such that every reasonable officer would know it was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). Plaintiff cites no precedent establishing that initiating a 302 evaluation, based on observed life-threatening conditions in a condemned property and reliance on an independent delegate-issued warrant, violates the Fourth or Fourteenth Amendments (AJSUF ¶¶ 37, 62, 95). See *Bland v. City of Newark*, 900 F.3d 77, 83 (3d Cir. 2018) (immunity applies where no precedent places unlawfulness "beyond debate"). Plaintiff's reliance on *Lear* is misplaced, as it requires evidence of mental illness and danger, met here by the Crisis Workers' findings. Plaintiff's citation to *Castro v. Debias*, No. 3:23cv342, 770 F. Supp. 3d 758 (M.D. Pa. Mar. 12, 2025), is irrelevant, as it addresses a false arrest claim under the First and Fourth Amendments for disorderly conduct, not an MHPA commitment or reliance on a delegate-issued warrant. *Castro* found no probable cause for an arrest based on "unreasonable noise" or "obscene

gestures," a distinct context from this case's life-threatening conditions and MHPA procedures. See id. at 764-66. Critically, no Third Circuit decision prohibits Defendants' conduct. See Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007) (qualified immunity absent clear precedent). Defendants are entitled to summary judgment on Count I.

**II.     Plaintiff's Monell Claim Fails as There Is No Evidence of Deliberate Indifference and Single-Incident Liability Does Not Apply.**

Plaintiff asserts that Radnor Township failed to train officers on interpreting court orders versus condemnation ordinances and MHPA procedures, causing constitutional violations. This claim fails, as no underlying constitutional violation occurred, precluding *Monell* liability. *Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992). *Monell* liability requires a municipal policy or custom causing a constitutional violation, shown through deliberate indifference through a pattern of similar violations, or in rare instances, a single incident where the need for training was "patently obvious" and failure to train caused a "highly predictable" violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015); *Thomas v. City of Harrisburg*, 88 F.4th 275, 288 (3d Cir. 2023). Radnor Township provided three-days of crisis intervention training, covering mental health issues, 302 petitions, and de-escalation, led by social workers and psychologists (AJSUF ¶ 101). Defendants applied this training on August 12, 2022, by contacting the Crisis Team to assess Plaintiff in hazardous conditions, exhausting alternatives like offering transport to a hotel, which Plaintiff declined (AJSUF ¶ 101). Plaintiff alleges a failure to train on court orders versus ordinances, but the Ithan Avenue Property was condemned on April 26, 2022. Judge Whelan's September 8, 2022, hearing clarified that residency violated the condemnation, enforceable by the Township solicitor. Defendants' interpretation that Plaintiff's residency attempts violated the orders and condemnation was reasonable and aligned with their training.

4

Furthermore, Plaintiff's reliance on single-incident liability fails. The need for training must be "so obvious" that failure to train risks "highly predictable" violations. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Berg v. County of Allegheny*, 219 F.3d 261, 277 (3d Cir. 2000). This incident involving a former owner residing in a condemned property after unauthorized utility restoration is unique and does not demonstrate an obvious training deficiency. Defendants' actions, including consulting the Mobile Crisis Team and relying on the 302 warrant, reflect adherence to training, not indifference. Plaintiff's claim that officers ignored exculpatory court orders ignores the orders' limited scope and the Township's condemnation authority. <u>See</u> *Finnemen v. SEPTA*, 267 F. Supp. 3d 639, 643 (E.D. Pa. 2017) (no liability without deliberate indifference or causation). Plaintiff's citation to *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir. 1999) is inapposite, as it involved a pattern of excessive force, not a single incident involving court orders or MHPA procedures. Consequently, the Township is entitled to summary judgment on Count V.

        **MARSHALL DENNEHEY, P.C.**

        BY: _____
        JOHN P. GONZALES, ESQ.
        D. CONNOR WARNER, ESQ.
        Attorney ID No. 71265 / 332427
        2000 Market Street, Suite 2300
        Philadelphia, PA  19103
        (215) 575-2871 Fax (215) 575-0856
        Email:  jpgonzales@mdwcg.com
        / dcwarner@mdwcg.com
        *Attorneys for Defendants,*
        *Township of Radnor, Jennifer Cocco,*
        *Joseph Pinto, Brady McHale and Brian Brown*

        Date: <u>August 19, 2025</u>

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply Brief in Further Support of Defendants' Motion for Summary Judgment, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

BY: _____
JOHN P. GONZALES, ESQ.
D. CONNOR WARNER, ESQ.
Attorney ID No. 71265 / 332427
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
/ dcwarner@mdwcg.com
*Attorneys for Defendants,*
*Township of Radnor, Jennifer Cocco,*
*Joseph Pinto, Brady McHale and Brian Brown*

Date: August 19, 2025