IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIMONA OCKLEY,<br><br>                *Plaintiff,*<br><br>v.<br><br>TOWNSHIP OF RADNOR,<br>PENNSYLVANIA, et al.,<br><br>                *Defendants.* | CIVIL ACTION<br>NO: 2:24-cv-4070-GAW |

**SUPPLEMENTARY ANSWER IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED BY RADNOR TOWNSHIP AND RADNOR POLICE DEFENDANTS, JOSEPH PINTO, JENNIFER COCCO, BRADY MCHALE AND BRIAN BROWN**

      Plaintiff, Simona Ockley, by and through her undersigned counsel, moves to submit the Supplemental Answer to her Motion in Opposition to Defendants', Radnor Township, Joseph Pinto, Jennifer Cocco, Brady McHale and Brian Brown's, Motion for Summary Judgment and in support thereof avers as follows:

      When viewing the defense of Qualified Immunity, the Federal Courts have ACTED consistently. When the issue involves split-second decisions and the use of force the courts lean toward granting the qualified immunity defense for the officer or government worker. However, when the issue involves decisions made over time without emergency situations <u>and</u> includes the withholding of exculpatory evidence and injecting of untruths especially as it relates to the creation of Affidavits of Probable Cause, then the courts have almost universally found against the granting of Qualified Immunity. Contrary to Defendants' assertions, the circumstances previously plead in Plaintiff's Opposition serve to show that there were no exigent circumstances surrounding Plaintiff's detention on August 12, 2022, and her arrest on August 13, 2022.

      There are three cases that demonstrate specific reasons for the denial of a grant of Qualified Immunity. They are all applicable to the present matter which demands the same denial.

*Dennis v. City of Philadelphia*, 19 F.4th 279 a 2021 "precedential" decision of the US Court of Appeals Third Circuit states that where "[*d]etectives withheld exculpatory… evidence that would have supported [a] …defense…the detectives knowingly deceived the court and [as a consequence] the motion to dismiss on qualified immunity grounds… is denied*." Id. at 291. In the case at bar the police deliberately and in bad faith withheld the two court orders from their affidavit of probable cause. The orders allowed her to "*unlimited and unfettered*" access to the property until September 1, 2022.

A very similar fact-pattern emerges in the case of *Desmond Green v. Jacquelyn Thomas* 129 F.4th 877 (5th Cir. 2025) a Fifth Circuit Court of Appeals quoted the Fourth Amendment commenting:

> *The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated and no warrants shall issue but upon probable cause supported by Oath or affirmation and particularly describing the palace to be searched and the persons or things to be seized. . . .*
> *It is hard to imagine a right more clearly established.*

Id. 129 F.4th at 884. It is certainly well-established law that. "*An officer cannot avail himself of a qualified immunity defense if he …deliberately conceals exculpatory evidence for such activity violates clearly established constitutional principles…*" Id. at 885. In the case at bar, the officer withheld the two court orders in the creation of the Affidavit of Probable Cause. In fact, the police mocked Ockley for her continued vocal pleas of "*I have two court orders*" …telling her "*I am not looking at any court orders.*" (See body cam footage of Officer Cocco on August 13,2022). A reasonable officer would have looked at the Orders as police are charged with following court orders.

The court in *Rainsberger v. Benner*, 913 F.3d 640, a Seventh Circuit US Court of Appeals decision is strong on the same issue. In this case:

> [Officer] *Benner submitted a probable cause affidavit that was riddled with lies and undercut by the omission of exculpatory evidence. Based on that affidavit [Plaintiff] Rainsberger was arrested, charged and imprisoned for two months.*

Id. 913 F.3d 640, 642 (7th Cir. 2019). The court goes on:

> An officer <u>violates the Fourth Amendment if he intentionally or recklessly includes false statements in a warrant application</u> and those false statements were material to a finding of probable cause. Hart v. Mannina. <u>An officer similarly violated the Fourth Amendment if he intentionally or recklessly withholds material information from a probable cause affidavit</u>. An affidavit that misleads by lies or omission undercuts the magistrate's ability to make an independent probable cause determination.

Id. 913 F.3d at 647; (Emphasis added) (citations omitted). In the instant matter, the affidavit of probable cause states that Ockley "*could remove personal items from the residence <u>only</u> with the permission from the new property owner and <u>only</u> until 4:00.*' None of that is true. The court order has not such limitations in fact it says clearly, she has "<u>unlimited and unfettered</u> access to remove her property…" (Exhibit 9) No time limits, No permissions required.

The Ockley Affidavit of Probable Cause states: *she was advised several times that she* "*has no right to the property.*" (Exhibit 21). Again wrong. The court goes on… *"An officer who swears that presented facts support probable cause when he knows that suppressed facts destroy it does not act truthfully"* Rainsberger *supra*. 913 F.3d at 652. Radnor police did not act truthfully. They took away the tools needed by the court to assess probable cause. The Rainsberger court concluded that qualified immunity "does *not extend where judicial finding of probable cause is based solely on information the officer knew to be false or would have known was false had he not recklessly disregarded the truth.*" Id. Qualified immunity was denied for Officer Benner. Qualified immunity should be denied for Radnor Police.

> *An officer sued for failing to include materially exculpatory facts in a probable causes affidavit…violated clearly established law to intentionally or recklessly withhold material information…We have repeatedly held therefore that an officer violated the Fourth Amendment by omission only if would have been clear to a reasonable officer that the omitted fact was material to the probable cause determination.*

*Id*. Clearly the two court orders are specific and material and were withheld from the Magistrate Judge when the Affidavit was presented to him seeking Criminal Complaint. A reasonable officer would have known that the omitted court orders and truthful information were material to the

probable cause determination. Defendant, Radnor Township and its defendant police officer do not merit the defense of Qualified Immunity.

Simply put---- justice demands truth and when that is missing so is the grant of qualified immunity.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court DENY Radnor Township Radnor Township, Joseph Pinto, Jennifer Cocco, Brady McHale and Brian Brown's, Motion for Summary Judgment

                                        **SCHROM, SHAFFER & BOTEL, P.C.**

BY: */s/ Gerard K. Schrom*
      Gerard K. Schrom, Esquire
      Attorney I.D. No: 39282
      Neil E. Botel, Esquire
      Attorney I.D. No: 84953
      4 West Front Street
      Media, PA 19063
      Phone: (610) 565-5050
      Fax:   (610) 565-2980
      Email: gschrom@schromandhaffer.com
             nbotel@schromandshaffer.com

Date: **August 21, 2025**          *Attorney for Plaintiff Simona Ockley*

# CERTIFICATE OF SERVICE

I, Gerard K. Schrom, Esquire, hereby certifies that on this 21st day of August 2025, I caused a true and correct copy of the foregoing: *Supplementary Answer in Opposition to Motion for Summary Judgment Filed by Radnor Township and Radnor Police Defendants, Joseph Pinto, Jennifer Cocco, Brady McHale And Brian Brown,* was filed with the Clerk via CM/ECF filing system which generates a Notice of Filing to all counsel of record listed below:

| | |
|---|---|
| John P. Gonzales, Esquire<br>jpgonzales@mdwcg.com<br>**Marshall, Dennehey, Warner Coleman & Goggin, P.C.**<br>2000 Market Street, Suite 2300<br>Philadelphia, PA 19103<br>*Attorney for Defendants, Radnor Township, Officer Jennefer Cocco, Lieutenant Joseph Pinto, Officer Brian Brown and Officer McHale* | Todd Bartos, Esquire<br>tb@sprucelaw.com<br>**Spruce Law Group, LLC**<br>1622 Spruce Street<br>Philadelphia, PA 19103<br>*Attorney for Defendants, Rockwell Glynn, Gregory Lingo, Jeffrey Brydzinski and Tyler Prete* |

                                          **SCHROM, SHAFFER & BOTEL, P.C.**

                                    BY:   /s/ Gerard K. Schrom
                                                Gerard K. Schrom, Esquire
**Date:  August 21, 2025**                        *Attorney for Plaintiff*