IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SIMONA OCKLEY, | |
| --- | --- |
| *Plaintiff,* | |
| v. | CIVIL ACTION NO: 2:24-cv-0470-GAW |
| TOWNSHIP OF RADNOR, PENNSYLVANIA, et al., | |
| *Defendants.* | |

**SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO THE PENNSYLVANIA MENTAL HEALTH PROCEDURES ACT**

Probable cause may act as a defense to a wrongful Section 302 commitment action. However, there are significant limitations, especially since the "*Serious deprivation of liberty authorized by the MHPA demands that such deprivation be justified through strict compliance with the statutes substantive and procedural requirements*" In re S.M. 176 A. 3rd 927,969 (Pa. Super. 2017)

In the present matter Ockley asserts that the officers omitted critical information, namely the two court orders and falsified facts needed to determine probable cause such that the officers acted in bad faith and not in compliance with substantive and procedural requirements of MHPA.

"*There is an established constitutional right to not be involuntarily committed to a mental institution without evidence that an individual suffers from mental illness and poses a threat to himself or others.*" *Lear v. Borough of Brentwood*, 2006 U.S. Dist. LEXIS 84581, *18 (WDPA, Nov. 21 2006) (citing *Addington v. Texas*, 441 U.S. 418, 425, 99 S. Ct. 1804, 60 L. Ed. 2d 323 (1972) (Denying summary judgment to defendant Borough).

On summary judgment, the initial question before the Court is properly whether the Defendant Officers were qualifiedly immune from prosecution. Lear. An objective inquiry is required into the reasonableness of the actions of government officials that permits government officials to anticipate when their conduct may give rise to liability for damages. Id. (citation

omitted). "Thus, law enforcement officials who 'reasonably but mistakenly' conclude that their conduct comports with the requirements of the Fourth Amendment are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991)).

The facts of record regarding the 302 commitment and the arrest, when taken in the light most favorable to Plaintiff show that Defendant police were deliberately indifferent to Plaintiff's needs and rights thus acting with gross negligence and/or with conscious disregard of her Fourth Amendment entitlements. Defendant Pinto, who claimed he was "in charge" of the arrest,[1] testified that he knew that Plaintiff had obtained court orders permitting her access to her former home but stated that he "did not care" what the Orders said. (D.T. Ockley 5/11/25 p. 175:5-20).

Further, under Pa. Stat. Ann. Tit. 50, § 7301(a) defendants must show that the person detained is:

> "severely mentally disabled" "when, as a result of mental illness, [her] capacity to exercise self-control, judgment and discretion in the conduct of [her] affairs and social relations or to care for his own personal needs is so lessened that [she] poses a clear and present danger of harm to others or to [herself].

*Benn v. Universal Health Sys.* 371 F.3d 165, 170 (fn.3) (quoting 50 Pa. Stat. Ann § 7301(a).) Thus, a violation of the MHPA occurs when the facts of record establish that police willfully disregarded evidence immediately available to them that (1) Plaintiff was able to care for herself, (2) that she was able to conduct her personal affairs and (3) was able to exercise self-control in the face of extreme pressure by police to abandon the premises.

The facts, taken in the light most favorable to Plaintiff show that Defendants knew when they approached her on August 12, 2022, that she had restored electrical service to the home to use air conditioning in interior conditions which according to Cocco exceeded 100 degrees of heat. (D.T. Cocco, 5/20.25, p. 69:25). (First Amended Joint Stipulation, No. 62). They knew when they entered the home that she was in the process of attempting to restore water service to the home.

---

[1] (D.T. Pinto 5/13/25. p. 26:9-10)

These activities are evidence of activity supporting self-care. By the same token, with respect to conduct of her personal affairs, Plaintiff repeatedly told police that she had two Orders issued by courts of competent jurisdiction permitting her to remain at the residence to arrange removal of her possessions from the premises. (D.T. Ockley 5/11/25 p. 175:5-20) The facts of record taken in the light most favorable to Plaintiff that Defendant police were deliberately indifferent to Plaintiff's entreaties to examine the Orders. Knowing of Plaintiff's right of access, Police were ***obligated*** as a matter of well-established law to examine what they knew was exculpatory evidence immediately available to them. *Dempsey v. Bucknell Univ.* 834 F.3d 457, 471 (3d. Cir. 2016). With respect to self-control, Plaintiff offered little or no resistance when Defendant officers removed her from the premises but was demonstrative that she knew her rights. (Cocco, Police Report, RT-22-10812, August 12, 2022).

Accepting the facts available in the pleadings, depositions, answers to interrogatories, and admissions on file, as true in the light most favorable to Plaintiff,[2] Plaintiff established that disputed issues of fact show that defendant officers were not entitled qualified immunity as a matter of law, having lied and grossly and consciously disregarded plainly exculpatory evidence thereby Defendant officers' motion for summary judgment should be DENIED.

Finally, the *Halsey v. Pfeiffer* 750 F.3d 273 (2014) case citing *Deary v. Three Un-Named Police Officers* 746 F. 2d185,192 (3rd Cir. 1984) makes the overall point on 'probable cause' clear. "***It certainly is inappropriate for a court to grant a defendant officer's motion for summary judgment in a malicious prosecution case if there are underlying factual disputes bearing on the issue or if 'reasonable minds could differ' on whether [they] had probable cause to institute criminal*** *proceedings…"* The same principle applies to 302 Commitments.

---

[2] Fed R. Civ. P. 56(c)

**SCHROM, SHAFFER & BOTEL, P.C.**

BY: */s/ Gerard K. Schrom*
Gerard K. Schrom, Esquire
Attorney I.D. No: 39282
Neil E. Botel, Esquire
Attorney I.D. No: 84953
4 West Front Street
Media, PA 19063
Phone: (610) 565-5050
Fax:    (610) 565-2980
Email: gschrom@schromandhaffer.com
              nbotel@schromandshaffer.com
*Attorney for Plaintiff Simona Ockley*

**Date: September 2, 2025**

# CERTIFICATE OF SERVICE

I, Gerard K. Schrom, Esquire, hereby certifies that on this 2nd day of September 2025, I caused a true and correct copy of the foregoing: *Sur-Reply in Opposition to Defendants' Motion For Summary Judgment as to The Pennsylvania Mental Health Procedures Act,* was filed with the Clerk via CM/ECF filing system which generates a Notice of Filing to all counsel of record listed below:

| | |
|---|---|
| Todd Bartos, Esquire<br>tb@sprucelaw.com<br>**Spruce Law Group, LLC**<br>1622 Spruce Street<br>Philadelphia, PA 19103<br>*Attorney for Defendants, Rockwell Glynn, Gregory Lingo, Jeffrey Brydzinski and Tyler Prete* | John P. Gonzales, Esquire<br>jpgonzales@mdwcg.com<br>**Marshall, Dennehey, Warner Coleman & Goggin, P.C.**<br>2000 Market Street, Suite 2300<br>Philadelphia, PA 19103<br>*Attorney for Defendants, Radnor Township, Officer Jennefer Cocco, Lieutenant Joseph Pinto, Officer Brian Brown and Officer McHale* |

**SCHROM, SHAFFER & BOTEL, P.C.**

BY:  /s/ Gerard K. Schrom
     Gerard K. Schrom, Esquire
     *Attorney for Plaintiff*

Date: **September 2, 2025**